43939. McGLAMORY v. MARCUM.

Jordan, Presiding Judge. 1. "The issue in an action of trover is ordinarily one of title, and the gist of the action is conversion, that is to say, that the defendant has wrongfully deprived the plaintiff of possession." *Tidwell v. Bush,* 59 Ga. App. 471, 472 (1 SE2d 457). Conversion is the unauthorized assumption and exercise of the right of ownership over personal property belonging to another, hostile to his rights, an act of dominion over personal property inconsistent with his rights, or an unauthorized appropriation. *Buice v. Campbell,* 99 Ga. App. 334 (1) (108 SE2d 339); *Southern Express Co. v. Sinclair,* 130 Ga. 372, 373 (60 SE 849); *Lucas v. Durrence,* 25 Ga. App. 264 (1) (103 SE 36). Proof of conversion is essential if the defendant is not in possession when the action is brought. See *Code* § 107-101.

2. "Where a city marshal, acting under instructions from the mayor and council of the city and after notifying the owner, removes from a street of the city an automobile which has been allowed by the owner to remain in the street, as an obstruction, and, with knowledge of the owner, transfers the same to a near-by vacant lot of the city, where he leaves it subject to the disposition of the owner, such action is not a conversion." *Lucas v. Durrence,* 25 Ga. App. 264 (2), supra.

3. Applying the foregoing, the evidence, viewed in the light most favorable to the defendant, fails to show a conversion and authorizes the judgment for the defendant by the trial judge, sitting without a jury. It appears that the defendant, the resident manager of an apartment building in which the plaintiff was a tenant, acting as an agent for the landlord, caused the city of Atlanta, through its representatives, to remove from the premises in 1968 an automobile owned by the plaintiff, on which a 1965 tag was displayed, the tires flat

and in doubtful operating condition. The defendant signed a release absolving the city from liability for damage to the premises while removing the vehicle. The vehicle was placed in storage by a party under contract with the city, subject to release upon payment of towing and storage charges. The circumstances also disclose that the plaintiff, as a tenant, had the privilege of using parking space on the premises for an automobile in current use, but not for the continued storage of an inoperative vehicle, that she repeatedly ignored demands by and on behalf of the landlord to remove the vehicle voluntarily, and that the continued presence of the vehicle on the premises could have subjected the landlord to prosecution for violation of a city ordinance. The defendant at no time was in actual possession or control of the vehicle, and she never made any claim that she was the owner or had any right of possession or control.

*Judgment affirmed. Pannell and Deen, JJ., concur.*

SUBMITTED SEPTEMBER 10, 1968—DECIDED OCTOBER 14, 1968.

*Preston L. Holland,* for appellant.
*Sidney Haskins,* for appellee.