## 51110. FORTIER et al. v. RAMSEY et al.

CLARK, Judge.

Plaintiffs, husband and wife, brought suit against defendants, A. C. Ramsey and Mutual Service Corporation, alleging violations of the Georgia Securities Act of 1957 (Ga. L. 1957, p. 134 et seq.).[1] In their complaint, plaintiffs asserted that on three separate occasions defendants sold plaintiffs interests as limited partners in three land syndication ventures; that these "securities" were not registered as required by the Georgia Securities Act of 1957; that, pursuant to Section 13 of the Act (Ga. L. 1957, pp. 134, 161), plaintiffs elected to void these transactions and tender the "certificates" to defendants; and that, therefore, defendants are jointly and severally liable to plaintiffs "in the amount of $69,102.29, with interest at 5% per annum from dates of payments to defendants, plus reasonable attorney's fees of $20,000 and court costs." Defendants answered, admitting jurisdiction, but denying the material allegations of the complaint.

Following discovery plaintiffs moved for summary judgment. In opposition to plaintiffs' motion, defendants interposed a "Response to Plaintiffs' Motion for Summary Judgment." Therein defendants argued plaintiffs could

---

[1]This Act was replaced and refined by "securities legislation" in 1973 (Ga. L. 1973, p. 1202) and 1974 (Ga. L. 1974, p. 284). See generally Trotter and Poe, A Survey of the Georgia Securities Act of 1973, 10 Ga. St. B. J. 219 (1973); Trotter and Poe, The Georgia Securities Act of 1974: A Survey of the 1974 Amendments, 10 Ga. St. B. J. 547 (1974).

not recover for the sales of interests with regard to two of the three limited partnership ventures because those transactions occurred more than two years before plaintiffs' action was commenced.[2]

In denying the motion by plaintiffs the trial judge wrote in part as follows: "The complaint is based on three separate and distinct transactions . . . The motion for summary judgment is leveled generally at the aggregate sum of the sales . . . Sub judice there are sales or contracts dated May, 1972 and June, 1972. [The third contract was executed in December, 1972.] The suit was brought in July, 1974. Clearly as to any sale or contract consummated prior to July, 1972, the statute of limitations bars a claim. Therefore, the movant is not entitled to summary judgment as he has directed his motion to the entire complaint and there are two sales or contracts which are barred by the statute of limitations."

From this adverse ruling plaintiffs appeal with a certificate of immediate review. *Held:*

1. "What Is a Security?" is the title of the first article in the Spring 1974 issue of the Mercer Law Review which was devoted entirely to the important subject of "Securities Regulation." That lead article states: "Although a major state law regulating securities was enacted in 1911, and the major federal securities law was enacted in 1933, important judicial decisions as to what is a security were still being rendered in 1973. This long range persistency of the definitional problem indicates that the concept of what constitutes a security has been, and is, a changing concept, so far as its practical application is concerned." Sobieski, What is a Security? 25 Mer. L. Rev. 381 (1974).

Do limited partnership interests in land syndication ventures with control vested in the general partners

---

[2]Section 13 of the Georgia Securities Act of 1957 provides "That no action shall be brought under this section for the recovery of the purchase price after two years from the date of such sale or contract for sale . . ." Ga. L. 1957, pp. 134, 161.

constitute securities?[3]

The Georgia Securities Act of 1957 defined "Security" as "any note, stock, treasury stock, bond, debenture, evidence of indebtedness, certificate of indebtedness, investment certificate, certificate of interest or participation, certificate of interest in oil, gas or other mineral rights, collateral trust certificate, preorganization certificate or subscription, transferable share, *investment contract,* voting-trust certificate or beneficial interest in title to property, profits or earnings, or any other instrument commonly known as a security . . ." Ga. L. 1957, pp. 134, 136. (Emphasis supplied.)

In SEC v. W. J. Howey Co., 328 U. S. 293 (66 SC 1100, 90 LE 1244, 163 ALR 1043), the United States Supreme Court ruled that in determining whether a contract for the sale of an interest is an "investment contract" under the Federal Securities Act of 1933, one must decide "Whether the scheme involves an investment of money in a common enterprise with profits to come solely from the efforts of others; . . ." In *Ga. Market Centers, Inc. v. Fortson,* 225 Ga. 854, 858 (171 SE2d 620), our Supreme Court approved this test, finding it to be "a workable formula to use in testing whether a contract of the type under consideration here is subject to regulation by the Commissioner of Securities of Georgia." See also 1974, Ops. Atty. Gen., pp. 145, 146, wherein it is written, "Unquestionably, a sale of an interest in real estate is not, of itself, a sale of a security. The courts have long recognized, however, that a transaction which purports only to be a sale of real estate can, when the economic realities of the transaction are examined, be determined to be a security. [Cits.] The rule which has developed is that any investment will be deemed an investment contract and a security if the investor's return is essentially dependent upon the efforts of the syndicator or an affiliate. [Cit.]"

---

[3]While the 1973 Act explicitly includes limited partnership interests in its definition of a security, (Section 2 (a) (16) of the Georgia Securities Act of 1973), such interests were not explicitly included in the 1957 Act.

Since the Georgia Securities Act is remedial in nature, it is to be construed broadly to effectuate its aim—the protection of investors. *Jaciewicki v. Gordarl Associates, Inc.,* 132 Ga. App. 888, 893 (209 SE2d 693), citing SEC v. Koscot Interplanetary, Inc., 497 F2d 473 (5th Cir., 1974). Liberally applying our securities law to the case at bar, we conclude that the limited partnership interests sold by defendants were undoubtedly securities inasmuch as defendant Ramsey conceded, via deposition, that the limited partners looked solely to him as general partner for the enhancement of their investments and the ultimate success of the ventures.

2. "The purpose of the requirement that affirmative defenses be pleaded is to prevent surprise and to give the opposing party fair notice of what he must meet as a defense. If it is not pleaded it is generally held that the defense is waived, but if it is raised by motion, or by a special plea in connection with the answer or by motion for summary judgment there is no waiver. [Cits.] Moreover, 'failure to plead an affirmative defense is immaterial if evidence of the defense is introduced and not objected to for failure to plead it, and no surprise is claimed.' American Cas. Co. v. Morris, 51 FSupp. 889, 896, affirmed in 146 F2d 208; Tillman v. National City Bank of N. Y., 118 F2d 631." *Phillips v. State Farm Mut. Auto. Ins. Co.,* 121 Ga. App. 342, 346 (173 SE2d 723).

In the case at bar, defendants did not affirmatively raise the statute of limitation defense by pleadings or motions. However, defendants did raise the statute of limitation issue in a brief captioned "Response to Plaintiffs' Motion for Summary Judgment." (See Quigley v. Hawthorne Lumber Co., 264 FSupp. 214, 220 (S. D. N. Y., 1967), in which the court ruled that where an affirmative defense is raised by a memorandum in support of a summary judgment motion, no waiver occurs.) Since plaintiffs did not object to defendants' failure to plead the defense and no surprise is claimed, we cannot hold that the statute of limitation was waived by defendants.

3. As the trial court correctly observed, plaintiffs' summary judgment motion was addressed to the whole of the complaint, "the aggregate sum of the sales," and

plaintiffs' claims are barred by the statute of limitation with regard to two of the sales. Thus, although the trial judge could have granted partial relief to plaintiffs upon a proper showing (*First Nat. Bank v. Osborne,* 233 Ga. 602, 604 (212 SE2d 785)), he was authorized to deny the motion. *W. T. Grant Co. v. Goodman,* 133 Ga. App. 321 (211 SE2d 198); *Dehler v. Golden Age Retirement, Inc.,* 133 Ga. App. 322 (211 SE2d 199).

*Judgment affirmed. Pannell, P. J., and Quillian, J., concur.*

ARGUED SEPTEMBER 4, 1975 — DECIDED OCTOBER 20, 1975.

*Walter W. Calhoun,* for appellants.
*Holcomb & McDuff, Frank D. Holcomb,* for appellees.