### 53541. SHAW v. WHEAT STREET BAPTIST CHURCH et al.

QUILLIAN, Presiding Judge.

Plaintiff owned a 1962 Lincoln Continental which he parked in the parking lot of the Wheat Street Garden Apartments, located across the street from his residence, because "his own residence had no parking lot" and he had to leave his car on the street. Defendants posted a sign in one of their parking lots reading: "Tenants only other vehicles will be impounded." Plaintiff apparently parked in another of defendants' parking lots. He left his car there on August 26, 1974. The car had been using a large quantity of oil and he decided "to park the car . . . [as he] wasn't going to drive it, you know, for a while." He testified that he didn't see any sign and no notices were placed on or in his car. He "discovered it missing in

October. . . It was the first week. It was the 5th day, I imagine, the 5th day of October." On cross examination he admitted "The car was moved at the end of October . . . the first of November, within the following week . . . [he] tried to contact who was responsible for the removal of the car." And in response to the question: "Q. Now, the last time you saw that car was when in October? A. It was at the end of October, about the last week in October." Thus, according to plaintiff, his car was parked in defendants' parking lot for a minimum of eight weeks.

Defendants stated they found the car on their parking lot. It had a broken window, leaked oil, and two tires "were off." Their efforts to find the owner met with negative results. They placed one notice on the windshield to move the car or it would be towed away. Someone removed the notice. A similar second notice was placed inside the car. It also was removed. They cleaned the parking lot every week and it was still there until they had it towed away, either in November or December. It was the first week of December that plaintiff talked to his lawyer who called the Reverend Borders about getting the car back.

The plaintiff gave Reverend Borders, chairman of the defendants' trustee board, $70 to get his car returned — which was the amount the towing company said was due for towing and repairs which had to be made so the car could be towed. Plaintiff admitted that later that afternoon he asked for his money back and "told [Reverend Borders he] had to have that $70 because [he] had to pay [his] rent."

The judge tried the case without a jury. He found the plaintiff failed to prove any conversion on the part of the defendants. Plaintiff appeals. *Held:*

1. Plaintiff's action was based on conversion. Conversion is the unauthorized assumption and exercise of the right of ownership over personal property belonging to another which is contrary to the owner's rights. *McGlamory v. Marcum,* 118 Ga. App. 516 (1) (164 SE2d 274). Any act of dominion wrongfully asserted over another's personal property — which is in denial of his property rights, or inconsistent with them, is a conversion. *James v. Newman,* 73 Ga. App. 79, 80 (3) (35

SE2d 581). Any misfeasance amounting to an unauthorized disposition of such property also constitutes a legal conversion. *Planters Warehouse v. Sims,* 35 Ga. App. 212 (3) (132 SE 252).

Plaintiff contends his case is governed by Code Ann. § 85-203 (Ga. L. 1962, p. 146; 1968, p. 321; 1973, p. 2622). We do not agree. Code § 85-203 does provide a summary remedy for property owners to impound illegally parked vehicles, provided they have conspicuously posted the requisite notice that any vehicle parked thereon not authorized to be parked will be removed at expense of the owner. However, the property owner's acts here were authorized under the abandoned motor vehicle statutes of Chapter 68-23 et seq. (Ga. L. 1972, p. 342 et seq.). An abandoned motor vehicle is defined, in part, as one "(b) Which is left unattended on . . . private property for a period of at least 10 days." Code Ann. § 68-2301 (b) (Ga. L. 1972, pp. 342, 343).

Although defendants did not advertise in the newspaper the description of the vehicle impounded, or notify the Department of Public Safety in compliance with Code Ann. § 68-2302 (Ga. L. 1972, pp. 342, 343), they proved that they made an effort to identify and find the true owner of the vehicle before it was removed, including posting notices inside and outside the vehicle.

Plaintiff voluntarily placed the defendants in possession of his vehicle. He knowingly left it on their parking lot for more than eight weeks, possibly twelve weeks — which is considerably more than the requisite 10 days cited in the auto abandonment statute. Defendants at no time asserted or claimed that they were the true owner or had any right to possession or control of the subject vehicle. It is evident plaintiff knew who had removed his abandoned vehicle from their property where he had no right to leave it. He could have reclaimed it with payment of removal costs.

We find that removal or asportation alone of an automobile of another, left upon the premises of the mover for more than ten days, unless with the intent to deprive the owner either of his property or possession of such automobile, does not constitute a conversion where a good faith effort has been made to find and notify the owner

prior to removal of the abandoned property. See generally 89 CJS 555, Trover & Conversion, § 49; Cf. *McGlamory v. Marcum,* 118 Ga. App. 516 (3), supra.

2. As there was no conversion any enumeration of error as to value is moot. The remaining enumerations are without merit.

*Judgment affirmed. Marshall and Shulman, JJ., concur.*

ARGUED MARCH 7, 1977 — DECIDED APRIL 8, 1977.

*Kenneth G. Levin, Steven Gottlieb,* for appellant.
*W. M. Mathews, Jr.,* for appellees.