## 36401. TECH RESOURCES, INC. v. ESTATE OF HUBBARD et al.

CLARKE, Justice.

Hubbard, Jackson and Kanter (sellers) were the owners of all of the shares of three corporations engaged in the coal business. The sellers entered into contracts with Tech Resources, Inc., under which they agreed to sell all of the shares of the three corporations to Tech Resources, and Tech Resources agreed to assume certain financial obligations of the corporations. In order to secure the performance of the financial obligations, Tech Resources pledged all of the shares of capital stock of each of the three corporations to sellers. The stock pledge agreements contained financial restrictive covenants but vested no managerial rights in sellers.

Tech Resources sued the sellers, praying for a rescission of the transactions on the grounds that the conveyance of the shares of the corporation amounted to a security transaction in violation of the registration and anti-fraud provisions of the Georgia and federal securities laws. Each of the parties filed motions for partial summary judgment. Tech Resources' motion was denied by the trial court, and sellers' motion was granted. It is from this judgment that appeal was taken, and this court is presented with the issue of whether the sales of the shares of the three corporations were security transactions so as to cause them to be in violation of the state and federal securities laws.

Section 2 of the Georgia Act contains the following definition of a security: " 'Security' means any note, stock, treasury stock, bond, debenture, evidence of indebtedness, certificate of indebtedness, investment certificate, certificate of interest or participation in any profit-sharing agreement, certificate of interest in oil, gas or other mineral rights, collateral trust certificates, preorganization certificate or subscription, transferable share, investment contract, voting-trust certificate, limited partnership interest, or beneficial interest

in profits or earnings, or any other instrument commonly known as a security, including any certificate of interest or participation in, temporary or interim certificate for, receipt for, guaranty of, or warrant or right to subscribe to or purchase, any of the foregoing." Code Ann. § 97-102 (a) (16).

Similarly, the Securities Act of 1933 defines a security as follows: "The term 'security' means any note, stock, treasury stock, bond, debenture, evidence of indebtedness, certificate of interest or participation in any profit-sharing agreement, collateral-trust certificate, preorganization certificate or subscription, transferable share, investment contract, voting-trust certificate, certificate of deposit for a security, fractional undivided interest in oil, gas, or other mineral rights, or, in general, any interest or instrument commonly known as a 'security', or any certificate of interest or participation in, temporary or interim certificate for, receipt for, guarantee of, or warrant or right to subscribe to or purchase, any of the foregoing." 15 USC § 77b (1).

As an interpretation of the statutory definitions of securities under the federal law, the U. S. Supreme Court in SEC v. W. J. Howey Co., 328 U. S. 293 (66 SC 1100, 90 LE 1244) (1946), established the following test: "[A]n investment contract for purposes of the Securities Act means a contract, transaction or scheme whereby a person invests his money in a common enterprise and is led to expect profits solely from the efforts of the promoter or a third party . . ." Id. at 298-299. The Howey test as to what constitutes a security under the federal statutes has been made applicable to the Georgia Securities Act as well. *Georgia Market Centers v. Fortson,* 225 Ga. 854 (171 SE2d 620) (1969); *Fortier v. Ramsey,* 136 Ga. App. 203 (220 SE2d 753) (1975). In United Housing Foundation, Inc. v. Forman, 421 U. S. 837 (95 SC 2051, 44 LE 2d 621) (1975), the Court considered whether shares of stock owned by tenants of a low income housing cooperative which entitled purchasers to lease an apartment, were securities within the purview of the Securities Act of 1933 and the Securities Exchange Act of 1934. The Court found these shares were not securities. The Court rejected the idea that a transaction must be considered a security transaction simply because it involved a sale of shares called "stock." The Court reformulated the SEC v. W. J. Howey Co. test as follows: ". . . the touchstone [of a security] is the presence of an investment in a common venture premised on a reasonable expectation of profits to be derived from the entrepreneurial or managerial efforts of others." Id. at 852. The United States Court of Appeals for the Ninth Circuit has restated one of the essential elements of a security under the terms of the statute as follows: ". . . whether the efforts made by those other than the

investor are the undeniably significant ones, those essential managerial efforts which affect the failure or success of the enterprise." SEC v. Glenn W. Turner Enterprises, 474 F2d 476, 482 (9th Cir. 1973) cert. denied, 414 U. S. 821 (1973). This test has been specifically adopted by the United States Court of Appeals for the Fifth Circuit in SEC v. Koscot Interplanetary, Inc., 497 F2d 473, 479 (5th Cir. 1974), and in SEC v. Continental Commodities Corp., 497 F2d 516 (5th Cir. 1974). Applying a similar test in *Georgia Market Centers v. Fortson,* supra, this Court found the transaction not to be a security transaction. Although the Court found that a mere "token participation" by investors would not prevent the contract's classification as a security, here, where the investors would receive no remuneration except as a result of their individual efforts, the contract was not a security. Similarly, in *D. K. Properties, Inc. v. Osborne,* 143 Ga. App. 832 (240 SE2d 293) (1977), the Court found that investors held too much control for the scheme to constitute a security. This Court has adhered to the doctrine that "form should be disregarded for substance and that emphasis should be on economic reality" when making a determination as to whether or not an instrument is a security. *Dunwoody Country Club of Atlanta v. Fortson,* 243 Ga. 236 (253 SE2d 700) (1979); *Georgia Market Centers v. Fortson,* supra at 858.

The economic reality in the present litigation is that Tech Resources proposed to purchase the business of the coal mining companies and to operate and control it as its own. The fact of the restrictive financial covenants and the pledge of the shares as security for performance of the covenants does not cause significant managerial control to be vested in the sellers.

In order for a transaction to constitute a securities transaction under the law, there must be an investment, a reasonable expectation of profits, and a reliance on the management of another party to bring about the profits. In the present case, there is undeniably an investment and a reasonable expectation of profits. The missing element is the reliance on anyone other than the purchaser for the performance of managerial duties in order to bring about the profits. For this reason, the sales of the shares of the corporations were not security transactions as contemplated by either the state or federal statutes.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 27, 1980 — DECIDED OCTOBER 29, 1980.

*William E. Hoffmann Jr., Robert H. Hishon,* for appellant.

*A. Felton Jenkins,* for appellees.