## 63769. NORTHWESTERN NATIONAL SALES, INC. v. COMMERCIAL COLD STORAGE, INC.

SHULMAN, Presiding Judge.

In early January 1981, Northwestern National Sales sold a truckload of frozen beef on credit to American International Meat Importers. The beef was delivered to appellee's cold storage warehouse facility on January 12, 1981, and warehoused there. On January 15, after hearing that American International had ceased paying its business creditors, Northwestern filed a garnishment action against American International as defendant and appellee as garnishee with respect to the frozen beef in appellee's warehouse. A copy of a letter sent by Northwestern to American International making demand for reclamation of the goods pursuant to Code Ann. § 109A-2—702 (2) was hand delivered to appellee "to advise Cold Storage that a proper demand had been made for reclamation of the goods held in their facility." Appellee refused to voluntarily release the frozen beef to Northwestern.

American International then filed a petition for reorganization under Chapter XI of the Bankruptcy Code. In an order filed January 28, 1981, the bankruptcy court directed all warehousemen to deliver to American International possession of any goods held on behalf of American International, and relieved complying parties from liability to third party claims. Appellee then released the frozen beef to American International and filed an answer in the garnishment action setting forth the above-stated facts and attaching a copy of the bankruptcy order. Northwestern subsequently filed suit for conversion against appellee for the latter's failure to voluntarily deliver the goods to appellant upon its demand. The parties filed cross motions for summary judgment in the conversion action, and this appeal is from the grant of appellee's motion and the denial of appellant's. We affirm.

"Conversion is the unauthorized assumption and exercise of the right of ownership over personal property belonging to another which is contrary to the owner's rights. [Cit.] Any act of dominion wrongfully asserted over another's personal property — which is in denial of his property rights, or inconsistent with them, is a conversion. [Cit.] Any misfeasance amounting to an unauthorized disposition of such property also constitutes a legal conversion. [Cit.]" *Shaw v. Wheat St. Baptist Church,* 141 Ga. App. 883, 884 (234 SE2d 711). See also *Trust Co. of Columbus v. Associated Grocers Co-Op.,* 152 Ga. App. 701 (2) (263 SE2d 676).

Appellee did not exercise any unauthorized or unlawful act of dominion over the goods. Inasmuch as appellee, a warehouser, was in

possession of the frozen meat as bailee, Code Ann. § 109A-7—603 is pertinent here. "If more than one person claims title or possession of the goods, the bailee is excused from delivery until he has had a reasonable time to ascertain the validity of the adverse claims or to bring an action to compel all claimants to interplead and may compel such interpleader, either in defending an action for nondelivery of the goods, or by original action, whichever is appropriate." Appellee acted appropriately under this provision when it refused to deliver the beef to appellant in light of another claim filed with it which was adverse to that of appellant. Since the pending garnishment action filed by appellant provided a sufficient forum to resolve the controversy pursuant to Code Ann. § 109A-7—603, appellee was justified in refusing to deliver the disputed goods to appellant up to the time of its receipt of the bankruptcy court order.

Nor did appellee's delivery of the goods to American International pursuant to the bankruptcy court's order constitute a basis for a conversion action. Once the bankruptcy court ordered delivery to the debtor, appellee was under a duty to comply or face contempt proceedings. *Gaston v. Shunk Plow Co.,* 161 Ga. 287 (3) (130 SE 580); *In re J. S. Boswell,* 148 Ga. App. 519 (251 SE2d 596); *Fernos-Lopez v. U. S. District Court,* 599 F2d 1087, 1090-91 (1st Cir. 1979). There being no genuine issue of material fact, appellee was entitled to summary judgment as a matter of law.

*Judgment affirmed. Quillian, C. J., and Carley, J., concur.*

Decided June 28, 1982.

*Jerry B. Blackstock, Steven B. Licata,* for appellant.
*Paul Oliver,* for appellee.