70844. FOREMOST INSURANCE COMPANY v. SOUTHEAST RECOVERY, INC.

(334 SE2d 375)

BANKE, Chief Judge.

Both the parties to this case are or were at one time in the debt-collection business. Foremost Insurance Company, sued Southeast Recovery, Inc., along with several other named defendants, to recover damages for the alleged conversion of some of its collection files. The complaint alleged that the defendants had appropriated the files with the aid and assistance of certain Foremost employees, including one George Masuck, for the purpose of using them to "service" the debts represented by the files, i.e., to obtain payments from the individual

debtors named therein. Southeast denied the material allegations of the complaint and counterclaimed for damages for Foremost's alleged conversion of a separate group of 2,000 collection files which it had purchased from Foremost for the sum of $10,000. The counterclaim alleged that these files were seized from Southeast's Atlanta office in May of 1980, when "agents of Foremost Insurance Company, armed improperly with a warrant, appeared in the offices of Southeast Recovery, Inc., and physically removed most of the records of the company." It was further alleged in the counterclaim that Southeast had purchased the group of files in question in reliance upon false representations made "by Mr. George Masuck, agent and employee of [Foremost] . . . that the face value of the accounts purchased was approximately $8 million, and that [Southeast] should be able to collect fifteen (15%) to twenty-five (25%) percent of the gross, with a net of eight (8%) percent of said face amount." It will be noted that 8 percent of $8,000,000 is $864,000. Southeast subsequently amended its counterclaim to allege a cause of action for breach of the alleged contract for the sale of these files and later filed a second amendment to assert a cause of action for fraud, based on allegations that the accounts represented by the files were in fact worthless. Foremost filed this interlocutory appeal from the denial of its motion for summary judgment with respect to the counterclaim.

In support of its motion for summary judgment, Foremost submitted the affidavit of an investigator employed by the Fulton County District Attorney's office to the effect that he and another investigator from the district attorney's office had conducted a search of Southeast's Atlanta offices on or about May 19, 1980, pursuant to a search warrant which they had previously obtained on the basis of information that certain stolen files belonging to Foremost had been shipped to those offices. The affidavit further stated: "Because we had been advised in advance that there would be a need to distinguish between files which allegedly were stolen and files which were legitimately in possession of [Southeast], the execution of our warrant was assisted by personnel and attorneys representing Foremost Insurance Company. At all times, however, either I or [the other investigator] was on the premises and in charge of the execution of the warrant. . . . The documents seized from [the Southeast offices] were transported to the offices of the District Attorney of Fulton County immediately after execution of the warrant. They have at all times been in the possession of the District Attorney's Office since execution of the warrant and remain so today." *Held*:

1. "Conversion is the unauthorized assumption and exercise of the right of ownership over personal property belonging to another which is contrary to the owner's rights. [Cit.] . . . Any misfeasance amounting to an unauthorized disposition of such property also con-

stitutes a legal conversion. [Cit.]" *Shaw v. Wheat St. Baptist Church*, 141 Ga. App. 883, 884 (234 SE2d 711) (1977). See also *Northwestern Nat. Sales v. Commercial Cold Storage*, 162 Ga. App. 741 (293 SE2d 30) (1982).

Because it appears without dispute from the affidavit of the district attorney's investigator that the files which were the subject of the conversion alleged in the counterclaim were seized not by Foremost but by the district attorney's office pursuant to a search warrant and that the files have remained in the possession of the district attorney's office ever since, it must be concluded as a matter of law that Foremost has not assumed or exercised any unauthorized right of dominion over them. Although Southeast suggests on appeal that the issuance of the warrant was somehow improper or that it was the product of an unlawful conspiracy between Foremost and the district attorney's office, there is no support whatsoever for such an allegation in the record, nor is there any indication that probable cause did not exist for the issuance of the warrant. In short, there is nothing in the record to refute the evidence that the files were seized by agents of the state acting pursuant to lawful process. It follows that Foremost was entitled to summary judgment on the conversion claim. Accord *Northwestern Nat. Sales v. Commercial Cold Storage*, supra.

2. Southeast's allegation that the seizure of the files constituted a breach of the contract whereby it purchased the files from Foremost is similarly negated by the same evidence showing that the seizure was effected by agents of the state acting pursuant to lawful process.

3. With respect to the fraud count, we find the notion that one debt-collection firm would purchase 2,000 accounts from another debt-collection firm for the sum of $10,000 in reasonable reliance on the other firm's representation that the accounts would yield $864,000 in collections incredible at best. "'A false statement is not fraudulent when there is no reason why the statement should be believed or acted upon,' and . . . there is no legal relief afforded when one 'blindly relied on the representations of the seller as to matters of which he could have informed himself.'" *Maxey-Bosshardt Lumber Co. v. Maxwell*, 127 Ga. App. 429, 432 (193 SE2d 885) (1972), citing *Feingold v. McDonald Mtg. & Realty Co.*, 166 Ga. 838, 840 (145 SE 90) (1928). "[I]n the absence of special circumstances one must exercise ordinary diligence in making an independent verification of contractual terms and representations, failure to do which will bar an action based on fraud. (Cit.)" *Hubert v. Beale Roofing*, 158 Ga. App. 145, 146 (279 SE2d 336) (1981).

It does not appear that there was any special relationship of trust and confidence between the parties, nor does it appear that there were any factors which prevented Southeast from investigating a representative sample of the files in an attempt to verify Foremost's al-

leged representation regarding their worth. Accordingly, we hold that Foremost was entitled to summary judgment on all three counts of the counterclaim.

*Judgment reversed. McMurray, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 4, 1985.

*H. Wayne Phears, Maureen M. Middleton*, for appellant.
*Paul Haynes*, for appellee.