72085, 72255. NICHOLSON v. HARRIS et al.; and vice versa.
(345 SE2d 63)

BIRDSONG, Presiding Judge.

Suzanne B. Nicholson sued John S. Harris and Harris Photograph Group, Inc. for violations of the Georgia Securities Act, and attorney fees therefor (Counts 1, 2, 3, 6), and claimed a cause of action against Harris for fraud and deceit connected with the sale of assets and stock of the corporation to Nicholson (Count 4), and further claimed a derivative action on behalf of the corporation against Harris for breach of fiduciary duty to the corporation (Count 5). The trial court granted summary judgment to Harris and the corporation on Counts 1, 2, 3, and 6 and denied summary judgment to Harris on Counts 4 and 5 concerning the derivative action and claim for fraud. Both parties appeal. *Held*:

1. The evidence shows, beyond any genuine issue of material fact (OCGA § 9-11-56) that Harris operated Harris Photography Group as a partnership with another until the partnership was dissolved with Harris retaining all assets and assuming business debts including a $40,000 loan obligation. Thereafter, he and plaintiff Nicholson entered into discussion and agreement whereby Nicholson would purchase 30% of the interest in the business, the business would be incorporated, and Nicholson would be issued 30% of the stock therein. Nicholson paid $15,000 in three installments in June, July, and August, 1983; the business was incorporated in June 1983; and Nicholson was made a member of the board of directors. A receipt signed by Harris and Nicholson in July acknowledged her payment of $10,000 and the further obligation to pay $5,000 which would entitle her to 30% of the stock, and provided that in the event said stock was

not issued, her payments would be considered as purchase of 30% of the business in its existing form. The stock was never issued.

Harris swore by affidavit on motion for summary judgment that, as part of the entire agreements, Nicholson went to work in the business as a photographer and told Harris she could attract a large commercial photography account, to wit Mincy Marble Company and other business; Nicholson had free access to the premises. Harris averred that his concurrence in the deal was based on his belief that the infusion of additional funds for use in working capital would reduce business overhead, bring debts current, and that by using Nicholson's marketing and photography skills and her contacts, the photography business would grow and flourish. These allegations of Harris were not denied by Nicholson.

Nicholson alleged violation of the securities act in the sale of securities not properly registered or exempt (OCGA § 10-5-12 (a) (1)), by means of untrue statements (OCGA § 10-5-12 (a) (2)) and by engaging in fraud and deceit (OCGA § 10-5-12 (d) (1)).

However, it is clear that assuming all of Nicholson's allegations to be true, the sale of this stock was not a securities transaction under OCGA § 10-5-2 (a) (16) giving rise to claim for violations of the act, because Nicholson's investment relied upon and expected returns based upon her own efforts and not solely those of another. *Tech Resources v. Estate of Hubbard,* 246 Ga. 583, 584-585 (272 SE2d 314); *Georgia Mkt. Centers v. Fortson,* 225 Ga. 854, 857 (171 SE2d 620); *Fortier v. Ramsey,* 136 Ga. App. 203 (220 SE2d 753). The gist of the grounds for violation of the Securities Act in the sale of securities is thus infusion or investment of money or comparable tangible assets in a company "with profits to come solely from the efforts of others" (*Georgia Mkt. Centers,* supra), the transaction or investment thus clearly amounting to a purchase of a *security.* The plaintiff Nicholson's involvement in the business here was not merely "token" involvement (id. p. 858; *Tech Resources,* supra, p. 585), and assuredly under the undisputed evidence she did not look solely to the efforts of Harris for enhancement of her investment and the ultimate success of the business. *Fortier,* supra, p. 206. Accordingly, she has no claim for violations of the Securities Act in the sale of securities under § 10-5-12, and no concomitant claim for attorney fees under § 10-5-14. See also *Nash v. Jones,* 224 Ga. 372 (162 SE2d 392); this case indicates that because Nicholson, as a director of the corporation at the time of the acknowledgment of receipt of $10,000 and of further obligation to pay $5,000 in exchange of 30% interest or stock, participated in the sale of stock and was jointly and severally liable to the purchaser (herself) and being in pari delicto with Harris has no claim against him or the corporation. The trial court correctly granted summary judgment to the defendant on Counts 1, 2, 3, and 6.

2. The trial court erred in denying summary judgment to Harris on Nicholson's derivative action claim and her claim for fraud. The derivative action claim was apparently against Harris for his use of some of the corporate assets to pay interest on the $40,000 debt obligation he assumed when the original partnership was dissolved. Harris averred that such payment was with Nicholson's knowledge and assent; Nicholson denies this. However, even assuming Nicholson, who herself was a director, could make such a claim against Harris as a derivative action, OCGA § 14-2-123 (c) required her to allege in her complaint with particularity her efforts to secure the initiation of such action by the board of directors or comparable authority, or the reasons for not making such effort. Nicholson's failure to do so entitles Harris to judgment on this count.

3. Nicholson's complaint for fraud of Harris in misstating the financial status of his business, for misleading her by stating he owned certain photographic equipment and misleading her by stating the corporation had substantially more clients than it had, is not supported by any evidence; her claim that he defrauded her by representing that the business had "substantial net worth" is not supported by any showing that such representation was false. The entire record is devoid of the slightest evidence that Nicholson exercised any diligence or even ordinary care in ascertaining the truth of any representations of Harris *before* she entered in the purchase of 30% of the business interests. See *Third World, Ltd. v. Brewmasters of Augusta,* 155 Ga. App. 352 (270 SE2d 891). "[T]here is no legal relief afforded when one blindly relied on the representations of the seller as to matters of which he could have informed himself. [Cits.] [I]n the absence of special circumstances one must exercise ordinary diligence in making an independent verification of contractual terms and representations, failure to do which will bar an action based on fraud. (Cit.)" *Foremost Ins. Co. v. Southeast Recovery,* 175 Ga. App. 794, 796 (334 SE2d 375). No special relationship of trust or other unusual circumstances were shown in this case which would have prevented or excused Nicholson of her duty in this regard. Accordingly, the trial court erred in denying Harris summary judgment on this count.

*Judgment affirmed in part and reversed in part. Banke, C. J., and Sognier, J., concur.*

DECIDED APRIL 17, 1986 —
REHEARING DENIED MAY 7, 1986.

*Jere F. Wood,* for appellant.
*Donald Weissman, Joyce F. Glucksman,* for appellees.