## 74754. ATLANTA AIRPORT SHUTTLE et al. v. NOBLE et al.
### (361 SE2d 62)

POPE, Judge.

Appellee Noble was formerly an employee of appellants Atlanta Airport Shuttle and Sun Belt Limousine, Inc.[1] Suspecting employee theft, appellants fired Noble and submitted a claim in the amount of $5,000 to the insurance company which had issued an employee fidelity bond. The insurance company paid the claim and then brought a subrogation action against Noble alleging conversion from its insured and praying for recovery of the amount paid under the bond. Noble filed a third-party complaint against appellants for unpaid wages and for indemnity in the event he was found liable to the plaintiff insurance company. The trial court dismissed the third-party claim for unpaid wages. This interlocutory appeal arises from the trial court's denial of appellants' motion to strike the third-party claim for indemnity against plaintiff's complaint.

A defendant may implead as a third-party defendant one "who is or may be liable to him for all or part of the plaintiff's claim against him." OCGA § 9-11-14 (a). " '(I)mpleader is proper only when a right to relief exists under the applicable substantive law.' Wright & Miller, Federal Practice and Procedure: Civil § 1446, p. 248." *Smith, Kline & French Labs. v. Just*, 126 Ga. App. 643, 647 (191 SE2d 632) (1972). Noble's third-party complaint does not state the ground upon which he claims he is entitled to indemnity for plaintiff's claims. In fact, there exists no ground upon which Noble would be entitled to such relief. Appellee would be liable to plaintiff insurance company only if he is found to have converted appellants' (his former employer's) funds. "Conversion is the unauthorized assumption and exercise of the right of ownership over personal property belonging to another, hostile to [the owner's] rights, an act of dominion over personal property inconsistent with [the owner's] rights, or an unauthorized appropriation." *McGlamory v. Marcum*, 118 Ga. App. 516 (1) (164 SE2d 274) (1968). The very finding which would make Noble liable to plaintiff insurance company would preclude any recovery from appellants for indemnity. The victim of conversion has no duty to indemnify the thief for a taking of the victim's own property.

If Noble contends he was wrongfully accused of conversion, then he may have some other claim against appellants. However, this would not provide him with a claim for indemnity for conversion. If he contends the funds which he is accused of taking were lost as a result of appellants' own negligence or wrongful acts, then this may

---

[1] While appellants contend they are separate entities and that Noble was the employee only of Atlanta Airport Shuttle, for the sake of simplicity in the appeal they have referred to themselves as a single entity.

provide him with a defense to plaintiff's allegation of conversion but, again, it would not provide him with a claim for indemnity from appellants. In that event, "[t]he thrust of the instant third-party complaint [would constitute] an impermissible tender of substitute defendants." *Brabham v. Brown*, 147 Ga. App. 766, 767 (250 SE2d 495) (1978). It is not necessary for appellants to be brought in as parties to the action to present the defense that it was appellants themselves, and not he, who misappropriated the missing funds. The subpoena power of the trial court may be employed to summon witnesses and/or business records.

For the foregoing reasons, we find Noble's third-party complaint against appellants fails to state a claim upon which relief may be granted.

*Judgment reversed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED SEPTEMBER 11, 1987.

*Bret L. Block, Gary M. Goldsmith*, for appellants.
*Ronald W. Parnell, L. Paul Cobb, Jr.*, for appellees.