## A93A0749. MOSS v. THE STATE.
### (433 SE2d 692)

BIRDSONG, Presiding Judge.

Charles Moss, Jr., appeals his conviction for violation of the Georgia Securities Act. Although tried for three counts of securities fraud, Moss was convicted of one count of violating OCGA § 10-5-12. On appeal, Moss asserts that he was tried in the wrong venue because the evidence failed to prove that an act in furtherance of the transaction occurred in the county in which he was tried. He also contends his conviction is not supported by the evidence because the evidence established an unsecured loan rather than a security transaction. *Held*:

1. Viewed in the light most favorable to the verdict (*Grant v. State*, 195 Ga. App. 463 (393 SE2d 737)), the evidence shows that Moss was a licensed stockbroker and registered securities salesman with the State of Georgia, and in that capacity engaged in a number of stock transactions on behalf of a client. Moss solicited this client to participate in an investment pool through which she would receive a 50 percent profit. Despite her protestation that she wished to limit her investments to stocks, Moss continued to solicit the client to invest. Moss also told the client that the pool was doing so well that he would guarantee her 50 percent return in a notarized contract. As a

result, this client invested money with Moss. Subsequently, the client sought payment; instead, Moss convinced her to remain in the investment pool. Later, Moss convinced the client to invest a further $8,500 with him. At this time Moss gave the client another proposal that had a provision stating the funds would "be used to invest in a very profitable investment portfolio."

Subsequently, the client visited Moss' office to request payment of her first investment. Although Moss gave the client a check, he asked her not to cash the check for several days. Because of Moss' repeated requests, the client withheld cashing the check for several weeks, until finally, Moss told her that all the money was gone.

After the client told Moss she intended to report him to the Securities & Exchange Commission, Moss called the client at her home in Gwinnett County to persuade her not to do so. Subsequently, Moss visited the client at Gwinnett Mall, also in Gwinnett County, and paid her several hundred dollars for the same purpose.

Moss further contends the evidence was insufficient to establish a securities transaction rather than a loan. To constitute a security transaction in this state, there must be an investment, reasonable expectation of profit, and reliance on the management of others to achieve the profit. *Tech Resources v. Estate of Hubbard*, 246 Ga. 583, 584 (272 SE2d 314). Accord *Cohen v. William Goldberg & Co.*, 262 Ga. 606, 607-609 (423 SE2d 231). The focus is on whether the investor relies upon the managerial efforts of others to realize the profits. *D. K. Properties v. Osborne*, 143 Ga. App. 832 (240 SE2d 293). Considering the victim's testimony concerning representations made by Moss and the statements in the proposal, the evidence was sufficient to prove a scheme in violation of OCGA § 10-5-12 (h) under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Venue for purposes of OCGA § 10-5-15 includes "any county in which any act was performed in furtherance of the transaction which violated the chapter." To satisfy the requirements of this section, it is not necessary that the defendant be physically present in a county. Deliberately sending mail or making telephone calls to the victim's residence is sufficient to establish venue under OCGA § 10-5-15 in that county. *Thayer v. State*, 189 Ga. App. 321, 323-324 (376 SE2d 199). Under the facts of this case, Moss' contacts with the victim in Gwinnett County were in furtherance of the scheme and were sufficient to vest the court with venue. Id.

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED JULY 1, 1993 —
RECONSIDERATION DENIED JULY 14, 1993 — ▮▮▮▮▮▮▮

*Steven M. Reilly*, for appellant.

*Thomas C. Lawler III, District Attorney, Neal R. Bevans, Assistant District Attorney*, for appellee.