## 53103. AYERS v. YANCEY BROTHERS COMPANY.

QUILLIAN, Presiding Judge.

The instant appeal was taken: (1) from a judgment granting the plaintiff possession of certain property under a foreclosure proceeding for a sum claimed in the amount of $2,408.44 and (2) the subsequent overruling of the defendant's motion for a new trial. The facts pertinent to consideration of this case are as follows.

The plaintiff, Yancey Bros. Company (Yancey), sold a Caterpillar "Traxcavator" and certain accessory equipment to the Dew-Moore Construction Company (Dew-Moore) on January 19, 1973 and retained a purchase money security interest under a security agreement between the parties. Yancey filed a financing statement, describing the equipment, in the county where the debtor resided and where the property was located. The security agreement called for a total time price of $32,305.80 and recited that there was a down payment of $7,408.80 and a promissory note in the amount of $24,897.36 for the balance. Twenty-four payments were to be made, each in the amount of $1,037.39. Yancey actually received $5,000 on the down payment, leaving a balance due of $2,408.44, which was transferred to an open account and billed to the original debtor, Dew-Moore. The security agreement between Yancey and Dew-Moore recited that the agreement was to secure any other indebtedness of the debtor to Yancey presently existing or arising in the future.

On or about August 2, 1973, Dew-Moore transferred the equipment to the defendant, Sandra C. Ayers (Ayers) without the consent of Yancey.

Ayers obtained a copy of the security agreement from Dew-Moore but did not request that the debtor Dew-Moore, obtain a statement of account from the plaintiff in connection with the purchase of the equipment. See Code Ann. § 109A-9 — 208 (Ga. L. 1962, pp. 156, 395).

There was a conflict as to whether Ayers took any steps to check with Yancey regarding the amount owed at the time the property was transferred. An employee of Yancey denied that Yancey was contacted about this.

However, Ayers testified that prior to the transfer of the property from Dew-Moore she contacted Yancey about the status of the account, talked with "bookkeeping" and got confirmation of the payments due and the amount due; as she at one time stated "all was confirmed." She admitted she did not know the name of the person with whom she conversed.

After taking over the equipment, Ayers made 17 monthly payments to Yancey. Then, just prior to the last payment, Yancey informed Ayers that a balance of $2,408.44, carried on the open account was still due. Thus, when Ayers tendered the last payment "in full satisfaction" and requested a termination statement, Yancey refused to accept it or issue the statement, contending that the last payment of $1,037.39 plus $2,408.44 was due it.

Yancey brought action to foreclose based on an indebtedness of $3,445.83. Ayers tendered the last payment of $1,037.39 into court, leaving the balance of $2,408.44 as the amount in dispute.

The defendant answered and denied the material allegations of the complaint and further filed a counterclaim, seeking to recover from the plaintiff on the basis that the plaintiff had failed to issue a termination statement within ten days upon request of defendant all as required by Code Ann. § 109A-9 — 404 (Ga. L. 1962, pp. 156, 417; 1963, pp. 188, 201).

The trial judge, sitting without a jury, heard the facts and after setting forth the same in his order made the following conclusions of law: (1) that plaintiff has a properly filed financing statement and a valid security agreement covering the "Traxcavator"; (2) that the financing statement filed by plaintiff was notice to defendant that the underlying security agreement was outstanding; (3) that the "open-end" clause contained in the security agreement was notice to defendant of other possible debts secured thereby; (4) that plaintiff retained a security interest in the equipment in defendant's possession in the amount of $2,408.44; (5) that plaintiff is entitled to a writ of possession upon defendant's property.

After entry of the judgment the defendant filed a

motion for new trial and also what was denominated a motion to correct the judgment, setting forth that certain findings of fact as made by the trial judge were error, resulting in erroneous application of the conclusions of law entered. These motions were overruled and appeal was taken.

In the enumerations of error, the defendant sets out: (1) that the court erred in entering judgment in favor of the plaintiff, concluding that the plaintiff retained a security interest in the equipment in the amount of $2,408.44; (2) that the trial court erred in denying defendant's counterclaim; (3) the trial court erred in admitting into evidence the plaintiff's exhibit which was not relevant to the issues of the case and (4) the trial court erred in denying the defendant's motion for a new trial and motion to correct judgment. *Held:*

1. Contrary to defendant's contention the open-end clause of the contract in question was sufficient to include the sum listed as a down payment which was not actually paid but placed on an open account, to wit $2,408.44. The clause provided: "To secure payment of purchaser's indebtedness to Yancey evidenced by said note and any and all extensions or renewals thereof and performance of all obligations hereunder and to secure any and all other indebtedness that purchaser may now or hereafter owe to Yancey either directly or indirectly, joint or several, as maker, endorser, guarantor, surety or otherwise, and whether or not due, including the above mentioned attorney's fees. Yancey has retained title to the goods and a security interest therein and in all additions and assessions thereto."

2. A more serious question is involved in the trial judge's finding of fact No. 7 which reads: "That defendant obtained a copy of said security agreement from debtor, Dew-Moore Construction Company, but did not request debtor to obtain a statement of the account from plaintiff in connection with the purchase of said equipment."

We recognize the rule that under CPA § 52 (Code Ann. § 81A-152; Ga. L. 1969, pp. 645, 646; 1970, pp. 170, 171), findings of fact are not set aside "unless clearly erroneous." Nevertheless, our appellate courts have often applied the rule as is aptly stated in *Smith v. Helms,* 140

Ga. App. 267, 269 (231 SE2d 778): "Ordinarily, a judgment right for any reason must be affirmed, but where it is apparent that the court rests its judgment on reasons which are erroneous or upon an erroneous legal theory, it commits reversible error." See *Smith v. Andrews*, 139 Ga. App. 380, 381 (228 SE2d 320). See also *Harrington v. Frye*, 116 Ga. App. 755, 756 (159 SE2d 84); *Watson v. Elberton-Elbert County Hospital Authority*, 229 Ga. 26, 27 (189 SE2d 66).

Here the trial judge confined himself to finding that no request was made under the statute, Georgia UCC § 109A-9 — 208 (Code Ann. § 109A-9 — 208; Ga. L. 1962, pp. 156, 395). However, we do not construe this law as all inclusive. What it does is to provide a means to obtain information but it is not the sole method. We adopt a clear statement of this principle found in 4 Anderson UCC 220, § 9-208.5: "The fact that Code § 9-208 provides for a request for information by the debtor does not preclude a request being made by a third person directly to the creditor. . . Ordinarily the secured party will furnish the information requested by a third person. Should he refuse or fail to do so, the third person should require the debtor to obtain the information from the secured party and may refuse to complete the transaction with the debtor until such information is obtained and is satisfactory to the subsequent party."

Here, Yancey could have refused to supply the information requested by Ayers. Then, if Ayers had proceeded with the transaction without obtaining such information, she would now be in no position to complain. But Yancey, according to her testimony, did verify the figures, omitting any reference to the $2,408.44 which it now claims is owed. Having induced Ayers to act in reliance thereupon, can Yancey now assume a different posture? The Uniform Commercial Code seeks to expedite and facilitate business practices, not stifle them.

The trial judge should not have limited his finding purely to whether there had been compliance with the Georgia Uniform Commercial Code. In making our ruling, we do not intimate what the trial judge's finding should be. Based on the evidence here he could have found that Ayers did not make an inquiry (or on the other hand

he could have found that she did do so). Further, he might find that the information given to Ayers on a casual inquiry could not be considered in any way as binding on Yancey. But in any case he must make a finding in this regard; for, the mere fact that the defendant Ayers did not follow the procedure prescribed in Georgia UCC § 109A-9—208 is not the sole determinative factor involved here.

The case therefore must be reversed and remanded with the direction that the trial judge make a finding of fact and conclusion of law addressed to this issue. *Smith v. Helms*, 140 Ga. App. 267, 269, supra.

3. The remaining enumerations of error, upon examination, are found to be without merit.

*Judgment reversed and remanded with direction. Stolz and Shulman, JJ., concur.*

ARGUED JANUARY 10, 1977 — DECIDED FEBRUARY 23, 1977.

*Katz, Paller & Land, John E. Robinson,* for appellant.

*Clifton, Helms & Dodd, David A. Dodd,* for appellee.