## A99A2122. IN RE ESTATE OF WILLIAMS.
(525 SE2d 742)

JOHNSON, Chief Judge.

Arthur Williams and Collis Williams were married and had two children. In 1994, Collis Williams filed for divorce. The divorce was granted in June 1996, and Arthur Williams was ordered to pay child support to his former wife. In October 1996, Collis Williams filed a contempt action alleging that her former husband had failed to make the child support payments.

In November 1996, Arthur Williams' daughter from a prior relationship died, and soon thereafter Collis Williams also died. Arthur Williams was appointed as the administrator of his former wife's estate. He used money from her estate to pay for the funeral of his daughter from the prior relationship.

Collis Williams' sister, Doris Strickland, petitioned to have Arthur Williams removed as the administrator of the estate because he had improperly used estate funds to pay for his daughter's funeral and he is still in arrears on his child support payments. The probate court granted the petition, ordering that Williams be removed as administrator because he had mismanaged the estate funds by using them to pay for his daughter's funeral and because he has a conflict of interest due to his indebtedness to the estate for the past due child support. Williams appeals from the order removing him as administrator.

1. Williams claims the probate court erred in failing to consider evidence that he is not in arrears on his child support obligations. While the evidence in the record cited by Williams appears to show that he made some child support payments, it is not clear from that evidence that he made all the required payments. Thus, Williams has failed to carry his burden on appeal of affirmatively proving by the record that the probate court erred in finding that he still owes some child support payments to the estate.[1]

Moreover, a ruling right for any reason must be affirmed.[2] So even if the probate court erred in finding a child support arrearage, the court's other finding that Williams had mismanaged the estate

---

[1] See generally *Myers v. Wynn*, 201 Ga. App. 764, 765 (412 SE2d 581) (1991).
[2] *Brown v. Walton Elec. Membership Corp.*, 238 Ga. App. 347, 350 (2) (518 SE2d 727) (1999).

funds by using them to pay for his daughter's funeral provided an independent basis for the court to exercise its discretion to remove him as administrator. The probate court has broad discretionary powers to remove an estate administrator upon a showing of waste, mismanagement or other unfitness for the trust reposed in him.[3] Thus, regardless of whether there is a child support arrearage, the order of removal must be affirmed on the independent ground of mismanagement of the estate.[4]

2. Williams complains that the removal order should be reversed because it refers to a Code section that he has been unable to find in the Official Code of Georgia. The complaint is without merit because the order correctly cites OCGA § 53-7-55, which provides that a probate court has the discretionary power to revoke the letters of an estate representative for good cause.

*Judgment affirmed. McMurray, P. J., and Phipps, J., concur.*

DECIDED NOVEMBER 18, 1999.

*Antonio L. Thomas*, for appellant.

*Davis & Stringer, Thomas O. Davis, Charles H. Edwards*, for appellee.

---

[3] *Nesmith v. Pierce*, 226 Ga. App. 851, 852 (1) (487 SE2d 687) (1997).

[4] See generally *Eichelkraut v. Camp*, 236 Ga. App. 721, 726 (2) (513 SE2d 267) (1999).