## A99A2330. CASWELL et al. v. ANDERSON.
(527 SE2d 582)

JOHNSON, Chief Judge.

Where contract language is unambiguous, no construction is necessary and the court must simply enforce the contract according to its clear terms.[1] Contract language is unambiguous if it is capable of only one reasonable interpretation.[2] When Harry Anderson withdrew from three real estate development partnerships, he and the other partners entered into a settlement contract. Section 2.1 of that contract provided that the partners would pay Anderson $650,000 at the contract closing, and section 2.2 stated that they might have to pay him up to $50,000 per year for the third, fourth and fifth years after the closing. The contract further stated that if certain partnership buildings were sold or refinanced within five years of Anderson's withdrawal, then he would receive a percentage of the net proceeds, "subject in each case to credits for all payments made under subsections 2.1 and 2.2 above."

Is this contract language ambiguous in that it may or may not allow the partners to use their single $650,000 payment to Anderson as a credit more than once? We hold that the language is not ambiguous because the only reasonable interpretation of it is that the partners can use the one-time $650,000 payment as a credit only once

---

[1] *Estate of Sam Farkas v. Clark*, 238 Ga. App. 115, 119-120 (2) (517 SE2d 826) (1999).

[2] *Lostocco v. D'Eramo*, 238 Ga. App. 269, 275 (d) (518 SE2d 690) (1999); *Estate of Sam Farkas*, supra.

and cannot deduct that single payment multiple times as a credit against Anderson's share of every sale or refinancing of a building. We therefore disagree with the trial court's finding that the contract is ambiguous. But we agree with the court's ultimate finding, reached .after applying the rules of contract construction, that the partners are not entitled to multiple credits based on that single payment. And because a ruling that is right for any reason must be affirmed, we affirm the trial court's grant of partial summary judgment to Anderson and denial of partial summary judgment to the partners.

In 1985, James Caswell, Claude Petty, Michael Walsh, Stanley Williams and Harry Anderson formed Habersham Venture, Ltd. and two other limited partnerships. The partnerships were formed in order to develop real estate. Habersham Venture's main assets were its interests in buildings in the Piedmont Center office complex in Atlanta.

In 1992, Anderson sued his partners for alleged misconduct. And the partners counterclaimed that Anderson had committed wrongful acts. Anderson and the partners mediated their disputes. In 1994, they entered into a settlement agreement which provided, among other things, for Anderson's compensation upon leaving the partnerships.

Pursuant to section 2.1 of the agreement, a cash payment of $650,000 was made to Anderson at the closing of the contract on April 27, 1994. Section 2.2 of the contract further provided that on the third, fourth and fifth anniversaries of the closing, Anderson could receive payments of as much as $50,000. Under sections 2.4 and 2.5, Anderson was to be paid if certain Piedmont Center buildings were sold or refinanced within the five years following the agreement closing. Those sections provided that if there was such a sale or refinancing, then Anderson would be paid 13.63 percent of the proceeds, "subject in each case to credits for all payments made under subsections 2.1 and 2.2 above."

In December 1995, the partners sold one of the Piedmont Center buildings. Anderson's 13.63 percent share of the proceeds was $1,415,052. But pursuant to contract section 2.4, the partners applied as a credit the entire $650,000 payment that had been made to Anderson under section 2.1. After deducting that credit, the partners paid Anderson $765,052 as his share of the sale proceeds.

In March 1996, the loans for other Piedmont Center buildings were refinanced. The partners computed Anderson's 13.63 percent share of the distributed loan proceeds to be $650,151. But they again deducted as a credit the $650,000 payment that had been made under section 2.1 and therefore paid Anderson only $151.

Anderson sued his former partners, asserting that the partners have already exhausted the $650,000 credit by deducting it from his

share of the 1995 building sale and that they have breached the settlement agreement by using it again as a credit for the 1996 refinancings. Both sides filed motions for partial summary judgment, asking the trial court to enforce their respective interpretations of the contract. Anderson averred that the only reasonable interpretation is that the partners may use the $650,000 credit once, while the partners claimed that they could apply it to every sale or refinancing of a building.

The trial court found that the contract is ambiguous because these are both reasonable interpretations of the language. The court then applied the rules of contract construction and concluded that given those rules the contract must be construed in favor of Anderson's claim that the $650,000 credit has been exhausted. The court therefore granted Anderson's motion for partial summary judgment and denied the partners' opposing motion. The partners appeal.

Interpretation of a contract involves three steps.[3] First, the court decides if the contract language is unambiguous, and if so the court enforces the contract's clear terms.[4] Second, if the contract is ambiguous, the court must apply the rules of contract construction to resolve the ambiguity.[5] And third, if the ambiguity remains after use of the construction rules, the meaning of the contract must be decided by a jury.[6]

In the instant case, the language of the settlement agreement is unambiguous, so the second and third steps of contract construction need not be reached. Ambiguity exists when the language may be fairly understood in more than one way;[7] language is unambiguous if it is capable of only one reasonable interpretation.[8] Contrary to the trial court's finding, the partners' interpretation of the contract language — that they are entitled to multiple credits of $650,000 — is not reasonable.

The contract provides that the money owed to Anderson after each building sale or refinancing is subject to credits for all payments made under sections 2.1 and 2.2. There is no section 2.2 credit issue in this case, only a question as to the partners' credit for having made a single payment of $650,000 under section 2.1. The term "credit" is clear and unambiguous and thus is to be understood in its ordinary and popular sense as supplied by dictionaries.[9] Webster's Third New International Dictionary defines credit as "a deduction

---

[3] *Lostocco*, supra.
[4] Id.
[5] Id.
[6] Id.
[7] Id.
[8] *Estate of Sam Farkas*, supra.
[9] See *Henderson v. Henderson*, 152 Ga. App. 846, 847 (264 SE2d 299) (1979).

from an amount otherwise due." The ordinary meaning of credit thus provides for a single deduction, not multiple deductions as urged by the partners.

The amounts otherwise due to Anderson are his 13.63 percent shares of any sold or refinanced buildings. According to the agreement, the partners are entitled to deduct from those amounts payments that they have previously made. Because they have previously made a single $650,000 payment, they are entitled to a single deduction or credit in that amount. They have already used that entire credit, so they are not entitled to use it again. Under the unambiguous contract terms, they are not entitled to take multiple credits for their single payment.

A summary judgment ruling that is right for any reason must be affirmed.[10] Although the trial court erred in finding that the contract language is ambiguous, the court correctly granted partial summary judgment to Anderson and denied partial summary judgment to the partners by finding, after applying the rules of contract construction, that the partners are not entitled to multiple credits or deductions of the single $650,000 payment. Because that finding is correct, we must affirm the grant of partial summary judgment to Anderson and the denial of partial summary judgment to the partners.

*Judgment affirmed. McMurray, P. J., and Phipps, J., concur.*

DECIDED JANUARY 3, 2000.

*Troutman Sanders, James K. Quillian, Nancy K. Deming, Scott A. Farrow, Julia M. Gonzalez, Eric A. Richardson*, for appellants.

*King & Spalding, M. Robert Thornton, Joseph B. Haynes, William F. Lummus, Jr., Roger B. Handberg*, for appellee.

---

[10] *King Indus. Realty v. Rich*, 224 Ga. App. 629, 631 (3) (481 SE2d 861) (1997).