A00A1124, A00A1125. CONMAC CORPORATION v. SOUTHERN DIVERSIFIED DEVELOPMENT, INC. et al. (two cases).
(539 SE2d 532)

ELLINGTON, Judge.

In Case No. A00A1124, Conmac Corporation appeals from the Fulton County Superior Court's order vacating the modification of an arbitration award Conmac obtained against Southern Diversified Development, Inc. ("SDDI"). In Case No. A00A1125, Conmac appeals from the trial court's denial of its emergency motion to enter judgment against intervenor Continental Casualty Company ("Continental"). Finding no error, we affirm.

In December 1996, SDDI hired Conmac to build a multi-story condominium building in northwest Atlanta. The construction contract specified that disputes would be arbitrated pursuant to the Construction Industry Arbitration Rules of the American Arbitration Association ("AAA"). When SDDI refused to pay for construction work performed by Conmac, Conmac filed a $907,553 Claim of Lien against SDDI's property on February 4, 1998. Two days later, Conmac sued SDDI for breach of contract, quantum meruit, lien foreclosure, tortious interference with contractual relations, fraud, business defamation, and conversion. Conmac demanded arbitration under the contract, and the trial court stayed the case pending arbitration.

SDDI filed a bond discharging the lien on April 20, 1998. See OCGA § 44-14-364. The bond named Continental as surety. Although Continental was not named in the lawsuit and did not participate in the arbitration, it was permitted to intervene on June 10, 1999.

Conmac and SDDI presented extensive evidence of their claims and counterclaims to an arbitration panel during 16 days of hearings. On February 2, 1999, the arbitrators awarded Conmac $978,185 in damages, pre-judgment interest from December 10, 1997, plus post-judgment interest. In addition, the award stated that: "All other claims of The CONMAC CORPORATION are denied"; "The claims of [SDDI] are denied"; and "This Award is in full settlement of all claims submitted to this arbitration."

Conmac immediately filed a motion to "clarify and modify" the arbitrators' award, pursuant to Rule 44 of the AAA's Construction Industry Arbitration Rules. Rule 44 allows a party to request an arbi-

trator to correct "any clerical, typographical, technical or computational errors in the award." It also *prohibits* an arbitrator from *redetermining the merits of any claim already decided.* According to Conmac's motion, the award did not "specifically address one of the issues which the parties agreed to submit to the Arbitrators for a decision; specifically, whether the Claim of Lien . . . is valid." SDDI objected to any modification of the award, asserting that the award clearly denied Conmac's entitlement to the lien. In March 1999, the arbitration panel issued a modified award which stated that Conmac "is entitled to a mechanics lien against the property of [SDDI] in the amount of [the] Award."

On April 13, 1999, Conmac moved the trial court to confirm the arbitrators' award, as modified, pursuant to OCGA § 9-9-12; to lift the stay on the proceedings; and to enter judgment on the award. SDDI opposed Conmac's motion and moved to vacate the award. The trial court confirmed the original award of $978,185 plus interest, but ruled that the arbitration panel had overstepped its authority by modifying the merits of this award when none of the grounds for modification under OCGA § 9-9-11 (a) had been met. Based upon this finding, the trial court vacated the modification.

## Case No. A00A1124

Conmac appeals only from that portion of the trial court's order vacating the modification.[1]

1. Conmac argues that the trial court failed to apply the proper standard for vacating the modification, so that SDDI was relieved of its responsibility to prove that it was prejudiced by the modification. The record demonstrates, however, that the trial court utilized the proper standard and that its decision to vacate the modification was supported by sufficient evidence.

(a) Under OCGA § 9-9-13 (b), a trial court shall vacate an arbitration panel's award only if it finds that a party was prejudiced by one of four bases, including an "overstepping by the arbitrators of their authority." OCGA § 9-9-13 (b) (3). See *Greene v. Hundley*, 266 Ga. 592, 594-595 (1) (468 SE2d 350) (1996) (holding that the four bases listed in the Arbitration Code are the exclusive grounds for vacating an arbitration award, and that the Arbitration Code must be strictly construed). In this case, the trial court vacated the modification under OCGA § 9-9-13 (b) (3) after finding that the arbitration panel had overstepped its authority by modifying the merits of its award, when none of the statutory grounds for modification under

---

[1] SDDI did not appeal the confirmation of the February 2, 1999 award.

OCGA § 9-9-11 (a)[2] had been met. As the trial court utilized the proper statutory bases for vacating the modification, there was no error.

(b) Conmac challenges the trial court's finding that the arbitration panel overstepped its authority. Conmac relies on language from cases which define "overstepping" narrowly as "addressing issues not properly before the arbitrator." (Citations and punctuation omitted.) *Haddon v. Shaheen & Co.*, 231 Ga. App. 596, 598 (1) (b) (499 SE2d 693) (1998). See also *Ralston v. City of Dahlonega*, 236 Ga. App. 386, 388 (3) (512 SE2d 300) (1999). Even under this limited definition of "overstepping," however, the trial court's decision to vacate is supported by the record.

In this case, the arbitration panel decided the merits of an issue which was not properly before them, *as it had already been presented to them and rejected by them.* It is undisputed that Conmac petitioned the arbitration panel to validate the existing lien against SDDI's property and to allow its foreclosure. Under "other relief sought" in its demand for arbitration, Conmac noted that it requested foreclosure on the lien. In its pre-hearing brief, Conmac asked the arbitration panel to validate the lien. According to an affidavit signed by Conmac's counsel, both Conmac and SDDI "made it clear" that they wanted the arbitrators to decide the issue of whether the lien was valid, and "extensive evidence on this issue was submitted by both parties at the hearings." As the trial court specifically found in its order vacating the modification, "the timeliness of Conmac's lien was hotly disputed and this issue had specifically been submitted to the arbitration panel for decision."

Even so, the arbitration panel failed to validate the lien in its original award to Conmac. After granting a monetary award to Conmac, it denied all other claims and stated that the award was in "full settlement" of all claims that had been submitted. This closed the door to any further consideration of the merits of the dispute by the arbitration panel. The panel's subsequent attempt to modify the award by validating the lien, when none of the requirements for modification under OCGA § 9-9-11 (a) were present, supported the trial court's finding that the panel had overstepped its authority under OCGA § 9-9-13 (b) (3).

(c) Conmac argues that the trial court failed to find that SDDI

---

[2] The Georgia Arbitration Code specifically limits when an arbitration panel may modify an existing award to the following situations: (1) when there is a miscalculation of figures or a mistake in a description; (2) when there is an award on a matter not submitted to the arbitrators and it can be corrected without affecting the merits of the award; and (3) when the award is imperfect in form, not affecting the merits of the controversy. OCGA § 9-9-11 (a).

was prejudiced by the modification and that, absent such express finding, its order must be reversed. Conmac is correct in its assertion that a party who moves the trial court to vacate an arbitration award must show both (1) prejudice and (2) one of the four bases under OCGA § 9-9-13 (b). See *Bennett v. Builders II*, 237 Ga. App. 756, 757 (3) (516 SE2d 808) (1999); *Gilbert v. Montlick*, 232 Ga. App. 91, 93 (1) (499 SE2d 731) (1998). It specifically argued this issue to the trial court on its motion to confirm the award.

The record shows that Conmac filed a lien against SDDI's property in the amount of $907,553 and SDDI secured a bond for that amount with Continental as surety. Since the arbitrators' award failed to validate the lien, it relieved both SDDI and Continental from liability on the bond that had been secured to discharge the lien.[3] In contrast, the arbitrators' subsequent modification subjected SDDI and Continental to liability on the bond where no such liability existed under the original award. Further, the amount of liability under the modification ($978,185 plus interest) greatly exceeded the value of the lien that had been submitted to the arbitrators for their decision as to validation and foreclosure.

We find that SDDI presented sufficient evidence of prejudice to support the trial court's order vacating the modification under OCGA § 9-9-13 (b) (3). See *Hilliard v. J. C. Bradford & Co.*, 229 Ga. App. 336, 341 (2) (494 SE2d 38) (1997) (a trial court's ruling on whether an arbitration award should be confirmed or vacated should not be disturbed if there is any evidence to support it). Further, even absent a specific finding that SDDI was prejudiced by the modification, a trial court's judgment that is right for any reason must be affirmed. *Martin v. Roccorp, Inc.*, 212 Ga. App. 177, 179 (441 SE2d 671) (1994); *Cotton States Mut. Ins. Co. v. Nunnally Lumber Co.*, 176 Ga. App. 232, 237 (4) (335 SE2d 708) (1985).

2. Conmac contends that the arbitration panel was not bound to follow the Georgia Arbitration Code, OCGA § 9-9-1 et seq., because the parties had agreed that the arbitration would be guided by the AAA Construction Industry Arbitration Rules. In support of its contention, Conmac specifically relies on Rule 53, which states that the arbitration panel "shall interpret and apply *these rules* insofar as they relate to the arbitrator's powers and duties." (Emphasis supplied.) Therefore, Conmac argues that the arbitration panel could simply exercise its authority under the arbitration rules to "fashion a remedy" by modifying its award, even if that modification violated the arbitration rules or the Georgia Arbitration Code itself. See

---

[3] In order to enforce the bond, "the lienor must establish his rights both to [the] lien and foreclosure thereof." (Citation and punctuation omitted.) *Spicewood, Inc. v. Dykes Paving &c. Co.*, 199 Ga. App. 165, 167 (2) (404 SE2d 305) (1991). See also Division 4, infra.

*Greene v. Hundley*, 266 Ga. at 595 (2).

Conmac's contention lacks merit. By its very language, Rule 53 gives the arbitration panel the authority to interpret the AAA Rules, but does not empower it to circumvent or disregard express procedural requirements or limitations on its power that have been adopted by the Georgia Legislature. See, e.g., OCGA § 9-9-8 (b) (a party's right to testify and cross-examine witnesses), (c) (a party's right to an attorney), and (e) (the arbitrators shall maintain records of all pleadings and evidence). As stated in footnote 2, supra, the Georgia Arbitration Code specifically limits when an arbitration panel may modify an existing award to three situations and expressly prohibits a modification which affects the merits of the controversy. OCGA § 9-9-11 (a).

This Court refuses to adopt Conmac's argument that an arbitration panel has the inherent power to decide when, and if, it will abide by specific, statutory limitations on its power.

3. There was no error in the trial court's determination that SDDI's objection to Conmac's motion to modify was valid. See OCGA § 9-9-11 (b) (2).

## *Case No. A00A1125*

4. Conmac appeals from the trial court's denial of its emergency motion to enter judgment in the amount of $907,553 against Continental, as surety on the bond discharging the lien against SDDI's property. During the hearing on the emergency motion, Conmac argued that the request for judgment against Continental was not based upon the modification on appeal, but instead was based upon the arbitrators' award against SDDI, which had been confirmed and had not been appealed. Conmac contended that it was entitled to judgment against Continental under its contract as SDDI's surety, regardless of the validity of the lien.

Conmac's arguments lack merit. Under these circumstances, a debtor must first establish its rights as a lienholder and to the foreclosure of such lien before it is entitled to enforce a statutory bond discharging the lien. *Spicewood, Inc. v. Dykes Paving &c. Co.*, 199 Ga. App. at 167 (2); see also *Hendricks v. Blake & Pendleton, Inc.*, 221 Ga. App. 651, 652 (1) (472 SE2d 482) (1996). After finding in Case No. A00A1124, supra, that Conmac failed to establish its entitlement to the lien, we find that Conmac was not entitled to judgment on Continental's bond. Therefore, we affirm the trial court's order.

5. This Court finds the remaining enumerations to be without merit.

*Judgment affirmed. Andrews, P. J., and Ruffin, J., concur.*

Decided September 14, 2000.

*Smith, Curry & Hancock, Philip E. Beck, David A. Roberts*, for appellant.

*Goodman & Goodman, Donald J. Goodman, Porter & Barrett, J. Alexander Porter, Magill & Atkinson, Thomas E. Magill*, for appellees.