A00A2338. MAGUEUR v. DEPARTMENT OF TRANSPORTATION.

(547 SE2d 304)

RUFFIN, Judge.

While driving on County Road 92 in Decatur County, Shirley Magueur was allegedly injured when she lost control of her car on a 90-degree curve in the roadway. Although the road was owned, built, and maintained by the county, Magueur sued the State Department of Transportation (DOT), alleging that it negligently approved the road's design. The trial court granted the DOT's motion to dismiss, holding that it "had no duty to plan, design, improve, manage, control, construct or maintain County Road #92." We agree that dismissal was proper, but for a different reason, and so affirm the trial court's ruling.

In considering a motion to dismiss for failure to state a claim, "all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor."[1] The motion should be granted only if

> (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly

---

[17] See *In the Interest of M. L. P.*, supra at 511 (2).
[1] *Jones v. Bowen*, 244 Ga. App. 300, 303 (535 SE2d 501) (2000).

introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought.[2]

In her complaint, Magueur contends that the roadway was improperly designed and maintained in that (1) there were no signs or other warning devices alerting drivers to the impending 90-degree turn, and (2) there were no guardrails or barricades at the curve. Although DOT did not design the roadway and was not responsible for its maintenance, Magueur asserts that it can be held liable for negligence because it had a contract with the county to provide funds for the road's construction. In connection with this contract, DOT allegedly reviewed and approved the construction plans and inspected the site upon completion before releasing the funds. Magueur contends that such review and approval subjected DOT to liability under § 324A of the Restatement (Second) of Torts, which provides that

[o]ne who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if (a) his failure to exercise reasonable care increases the risk of such harm, or (b) he has undertaken to perform a duty owed by the other to the third person, or (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.[3]

Magueur claims that DOT "undertook the duty to use due care when it required that the plans for the construction be submitted to the DOT for approval." She argues that DOT can be held liable for breaching this alleged duty because it failed to alert the county to defects in the construction plans.

In its motion to dismiss, DOT contended the county had sole responsibility for designing, building, and maintaining County Road 92. In addition, DOT asserted that it was entitled to sovereign immunity pursuant to OCGA § 50-21-24 (8), which provides that the state shall have no liability for losses resulting from

[i]nspection powers or functions, including failure to make an inspection or making an inadequate or negligent inspection of any property other than property owned by the state to determine whether the property complies with or violates

---

[2] Id.

[3] (Punctuation omitted.) *Huggins v. Aetna Cas. &c. Co.*, 245 Ga. 248, 249 (264 SE2d 191) (1980) (adopting theory of liability set forth in § 324A).

any law, regulation, code, or ordinance or contains a hazard to health or safety.

The trial court granted the motion to dismiss on grounds that DOT had no duty to design, build, or maintain the road, and thus did not address DOT's sovereign immunity defense. Because a judgment that is right for any reason must be affirmed,[4] we first consider DOT's sovereign immunity argument.

In determining whether OCGA § 50-21-24 (8) applies, the threshold question is whether this case involves an "inspection power or function," as that phrase is used in the statute. Although the statute does not define this phrase, it does offer an illustration, stating that the phrase includes an inspection to determine whether property "complies with or violates any law, regulation, code, or ordinance or contains a hazard to health or safety."[5] In the present case, the basis of Magueur's claim is that DOT violated a duty to notify the county that the road, as designed and as constructed, contained safety hazards.[6] Even assuming that DOT had such a duty, however, the duty involved an "inspection power or function" within the meaning of the statute. Contrary to Magueur's assertion, we see no principled distinction between an inspection of physical property to determine whether it complies with accepted safety standards and an inspection of construction plans to determine whether the property, once constructed, will comply with such standards.

Magueur asserts, without any citation to authority, that the statute applies only to "inspection powers and functions" imposed by the legislature and includes no inspection duty voluntarily assumed by the state pursuant to a contractual relationship. We do not agree that the statute should be so limited. Under the Tort Claims Act, the state waives its sovereign immunity for the torts of state officers and employees "acting within the scope of their official duties or employ-

---

[4] See *Johnson v. Equicredit Corp.*, 238 Ga. App. 380, 381 (1) (517 SE2d 353) (1999).

[5] OCGA § 50-21-24 (8).

[6] Although the complaint itself is rather ambiguous, Magueur's attorney clarified the alleged theory of liability at the hearing on the motion to dismiss, describing it as follows:

[T]he funding that was used to build this county road was funding made available to the county by the State. The County takes a set of plans to the State and says, we're going over here and making some improvements on certain roads, and the State looks at it and says, you've got to submit a plan for us to review to see if we're going to fund this. The State looks at those plans and then says, okay, we will approve it. Then before they ever take a draw-down or give the County the money, they send an inspector out to make sure that the plan as executed met the State's DOT standards. . . . [A]nd our position is good engineering practice when you oversee this or approve a set of plans like that, and you see that it's got that obvious defect in it[, i.e., lack of warning signs or other safety devices], then they should have warned the County that, you know, this isn't something you ought to go implement, you need the proper signage.

ment."[7] OCGA § 50-21-24 (8) operates as an exception to this waiver and must be understood in that context. Thus, the phrase "inspection powers and functions," as used in that statute, refers to those inspection powers and functions undertaken by state officials in the performance of their official duties or employment.[8] Such action comes within the scope of the exception, notwithstanding the source of the alleged duty to inspect.

Because the duty allegedly breached by DOT — i.e., a duty to inspect the construction plans and/or the property and to advise the county of any safety hazards — falls within OCGA § 50-21-24 (8), DOT is entitled to sovereign immunity. Accordingly, the trial court did not err in granting DOT's motion to dismiss.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED MARCH 13, 2001.

*Robert M. Beauchamp*, for appellant.

*Thurbert E. Baker, Attorney General, Kathleen M. Pacious, Deputy Attorney General, Loretta L. Pinkston, Senior Assistant Attorney General, Allyson G. Krause, Jennifer D. Roorbach, Assistant Attorneys General*, for appellee.

---

[7] OCGA § 50-21-23 (a).

[8] Magueur does not dispute that DOT officials acted in the performance of their official duties or employment in this case; indeed, the state would have no possible liability otherwise. See OCGA § 50-21-23 (a) ("The state shall have no liability for losses resulting from conduct on the part of state officers or employees which was not within the scope of their official duties or employment.").