S01G1717. CITY OF GAINESVILLE v. DODD et al.
(573 SE2d 369)

HINES, Justice.

In *Dodd v. City of Gainesville*, 250 Ga. App. 722 (551 SE2d 62) (2001), the Court of Appeals reversed the grant of summary judgment to the defendant City of Gainesville. We granted certiorari to determine whether the Court of Appeals erred in refusing to address arguments that the City asserted warranted the grant of summary judgment, but that had not been addressed by the trial court. Finding that the Court of Appeals did not err, we affirm.

Jack Dodd retired from the City's police department in June 1995, and began to receive a retirement pension. Three years later, the City notified Dodd that he was only entitled to receive a lower pension payment and that his monthly benefits would be reduced. The City also notified Dodd that he should repay the City for the overpaid benefits.

Dodd sued the City, asserting contract and tort claims. He contended that the City informed him that he would receive the higher payment and that he had relied on that representation in deciding to retire. The trial court granted the City's motion for summary judgment, ruling that: (1) the City could not be held liable in tort for the miscalculation of retirement benefits inasmuch as Dodd had the same chance as the City to calculate the retirement benefits; and (2) the City could not be liable to Dodd for breach of contract because he was an at-will employee.

Dodd appealed and the Court of Appeals reversed, concluding that issues of fact remained as to whether Dodd had an equal opportunity to determine the proper retirement benefits. *Dodd*, supra at 722-723 (1). The Court of Appeals also stated that the at-will employee doctrine did not bar Dodd's breach of contract claim because Dodd's claim was based on a contract to pay retirement benefits, not current employment, and thus the trial court's rationale for granting summary judgment was erroneous. Id. at 723-724 (2). The City asserted in its motion for reconsideration, as it had in its appellee's brief, that the trial court's grant of summary judgment was nonetheless the correct disposition of the case, based upon several other grounds raised in its motion for summary judgment, but not ruled on by the trial court, and that the Court of Appeals should

address these grounds under the "right for any reason" rule.[1] The Court of Appeals refused to address these grounds because they were not addressed below, and stated that the "right for any reason" rule does not apply when it is apparent that the trial court's ruling is based on an incorrect legal theory. Id. at 724 (3). The trial court detailed its reasons for granting summary judgment, and there is no question that its legal analysis was erroneous.

Under the "right for any reason" rule, an appellate court will affirm a judgment if it is correct for any reason, even if that reason is different than the reason upon which the trial court relied. See *Gwinnett County Bd. of Tax Assessors v. Gwinnett I Ltd. Partnership*, 265 Ga. 645 (458 SE2d 632) (1995). In its opinion in this case, the Court of Appeals stated that "a trial court's grant of summary judgment will be affirmed if it is right for any reason, [but] this is true only if it is not apparent that the trial court relied on an erroneous legal theory." *Dodd*, supra at 724 (3). Dodd contends that this is a correct statement of the law and that there is, in effect, an "erroneous legal theory" exception to the "right for any reason" rule. The City of Gainesville, however, contends that there is no exception to the rule and that a trial court's ruling on summary judgment should be affirmed if it is correct, even when the trial court relied upon incorrect reasoning or theory of law.

At first glance, this Court's statements on this issue appear to be inconsistent. In *Porquez v. Washington*, 268 Ga. 649, 652 (3) (492 SE2d 665) (1997), we stated that "[i]f it is not apparent that the trial court relied on an erroneous legal theory, its grant of summary judgment is to be affirmed if it is right for any reason." See also *Russ v. Russ*, 272 Ga. 438, 440 (1) (530 SE2d 469) (2000) ("The trial court did not base its decision upon any deficiency in the evidence of earning capacity, but rather upon the erroneous legal theory that there was no basis to authorize an award of child support. Therefore, the trial court committed reversible error, and this Court cannot affirm the judgment by application of the 'right for any reason' rule."); *Gwinnett County v. Davis*, 268 Ga. 653, 655 (492 SE2d 523) (1997) ("The judgment of the trial court is based on an erroneous legal conclusion. . . . Where it is apparent that a trial court's judgment rests on an erroneous legal theory, an appellate court cannot affirm.").

Yet in *Shadix v. Carroll County*, 274 Ga. 560, 565 (3) (c) (554 SE2d 465) (2001), we stated that "[t]his Court will affirm the judgment of a lower court so long as it is right for any reason, even if it is based upon erroneous reasoning." See also *Abellera v. Williamson*,

---

[1] The Dodds' reply brief in the Court of Appeals noted that the trial court had not ruled upon all the grounds that the City raised and the Dodds addressed the City's arguments as they pertained to the two grounds upon which the trial court ruled.

274 Ga. 324, 326-327 (2) (553 SE2d 806) (2001) (holding that the Court of Appeals should have applied the "right for any reason" rule, even though the trial court had made an error of law and did not address other asserted bases for summary judgment.).

Both the "right for any reason" rule and the "erroneous legal theory" exception to that rule have been applied for a considerable number of years. This Court stated in 1871, "[t]here will be no reversal of a judgment, if it was right, upon any ground apparent from the record." *L. J. Glenn & Son v. Shearer*, 44 Ga. 16 (2) (1871). And it would appear that through its history, the rule has been phrased so as to lead to the conclusion that it is applied even when the trial court's ruling is based on a legal error. See *Coker v. Atlanta*, 186 Ga. 473, 475 (198 SE 74) (1938) (" 'It is a principle . . . ancient and well settled that a correct decision of a trial court will not be reversed,' regardless of the correctness or incorrectness of the reasons given therefor."); *State of Ga. v. Johnson*, 214 Ga. 607, 611 (106 SE2d 353) (1958) ("A correct judgment is not erroneous because the judge may have entered it for reasons other than those which required the judgment."); *Hill v. Willis*, 224 Ga. 263, 267 (3) (161 SE2d 281) (1968) ("A judgment right for any reason will be affirmed by the appellate courts."); *Turner v. Baggett Transp. Co.*, 128 Ga. App. 801, 806 (4) (198 SE2d 412) (1973) ("[W]here the judgment of the trial court is proper and legal for any reason it will be affirmed, regardless of the reason assigned.")

Similarly, cases stating that the trial court will be reversed when it relied on an erroneous legal theory or applied incorrect reasoning appear throughout the history of the appellate courts. See, e.g., *Carter v. State of Ga.*, 93 Ga. App. 12, 21 (7) (90 SE2d 672) (1955) (The trial court, "acting upon an erroneous concept of the law, binding him, as he thinks, upon a single point, and so acting fails to determine the questions of fact involved in the controversy, the case will be reversed by this court and remanded with direction that the trial court again review the evidence in the record and from it determine the issue of fact."); *Watson v. Elberton-Elbert County Hosp. Auth.*, 229 Ga. 26, 27 (189 SE2d 66) (1972) ("[As] the judgment rendered is based upon an erroneous view of the law which would preclude the exercise of a discretion, a new trial results."); *Ayers v. Yancey Bros. Co.*, 141 Ga. App. 358, 361 (2) (233 SE2d 471) (1977) (" 'Ordinarily, a judgment right for any reason must be affirmed, but where it is apparent that the court rests its judgment on reasons which are erroneous or upon an erroneous legal theory, it commits reversible error.' "); *Meyers v. Glover*, 152 Ga. App. 679, 683 (3) (263 SE2d 539) (1979), overruled on other grounds, *McCord v. Jones*, 168 Ga. App. 891, 893 (311 SE2d 209) (1983) ("[J]udgments based on erroneous theories of law are generally reversed in the appellate

courts."); *Derbyshire v. United Bldrs. Supplies*, 194 Ga. App. 840, 843 (1) (392 SE2d 37) (1990) ("The right for any reason principle does not rise to save the day because a judgment based on an erroneous legal conclusion or theory is reversible error."); *Sumner v. Dept. of Human Resources*, 225 Ga. App. 91, 93-94 (2) (483 SE2d 602) (1997) ("While it is a general rule that a grant of summary judgment must be affirmed if it is right for any reason [cit.], it is an equally well-established exception that a right-for-any-reason rule cannot be applied where, as in this case, it is apparent that the trial court rested its judgment upon an erroneous legal theory; in such instances the trial court commits reversible error.").

These statements, repeated in many other cases as well, appear to give inconsistent guidance to the appellate courts as to the proper course to follow when the trial courts make legal errors. However, the two different approaches reflect that the appellate courts often must exercise discretion in determining what is the best course to pursue in any given case. Two competing principles are at the heart of these cases. One, that when reviewing a ruling on summary judgment, the appellate court conducts a de novo review: " 'On appeal from the grant of summary judgment this Court conducts a de novo review of the evidence to determine whether there is a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.' " *Cox Enterprises v. Nix*, 274 Ga. 801, 804 (2) (560 SE2d 650) (2002), quoting *Youngblood v. Gwinnett &c. Community Svc. Bd.*, 273 Ga. 715, 717-718 (4) (545 SE2d 875) (2001). Such a review, based on the undisputed facts of record and the law, may be done as efficiently by an appellate court as by a trial court. Under this view, judicial economy is advanced when the appellate courts examine the evidence, applying it to each ground raised in the trial courts.

The second principle is that the appellate courts act in such cases as courts reviewing the decisions of the trial courts. In such a role, an appellate court

> is, among other things, a court for the correction of errors of law. *Felix v. State*, 271 Ga. 534, 539 (523 SE2d 1) (1999). "An error of law has as its basis a specific ruling made by the trial court." Id. There having been no rulings by the trial court on the issues raised [on appeal], there are no rulings to review for legal error. *Farmer v. State*, 266 Ga. 869 (3) (472 SE2d 70) (1996).

*Bush v. State*, 273 Ga. 861 (548 SE2d 302) (2001). This view recognizes that when a trial court determines that a certain issue is dispositive of the case, there is no reason to address any further issues.

When a trial court grants a judgment clearly based on a certain issue, although it did so incorrectly, the appellate court has no other ruling to examine. Thus, in this case, the trial court has not ruled on the grounds the City advances, there is no ruling to be reviewed on appeal, and the Court of Appeals cannot address an issue that is not enumerated as an error. *Felix*, supra.

Each of these appellate precepts advances an interest fundamental to the operation of this State's judicial system. The de novo review standard advances judicial economy by recognizing that, in summary judgment cases, the factual record is set and the appellate courts can, as well as the trial courts, apply those facts to the law. When an appellate court recognizes that the trial court's legal analysis was flawed, the efficiency of the judicial system as a whole is advanced when the appellate court examines the record and applies the law to any unaddressed ground that will resolve the case.[2]

The tenet that the appellate courts do not rule on issues not ruled on by the trial courts preserves the appellate courts' jurisdiction and delineates the proper roles of the courts at the trial and appellate levels. The primary role of the appellate courts, and, in general, their jurisdiction, is properly preserved only when there is a ruling below.

As these two principles both advance substantial interests, we cannot declare that one is always to take precedence over the other. Rather, the circumstances of individual appeals must guide the appellate courts as to how best to proceed. In many cases on review of summary judgment,[3] there will be few grounds advanced for summary judgment, with no disputes pertinent to the facts supporting those grounds. In such cases, the more efficient course would be for the appellate court to follow the "right for any reason" rule and consider grounds not addressed by the trial court, if it finds that the trial court's legal analysis is flawed.

In other cases, there may be a variety of grounds advanced, with disputes pertinent to those grounds. In such cases, judicial economy may be maximized by returning the case to the trial court upon the appellate court's discovery that the trial court relied on an erroneous

---

[2] This, however, does not always occur, as the appellate court will sometimes direct the trial court to resolve the case after finding the trial court's first analysis flawed, even though the factual record is complete. See *Youngblood v. Gwinnett &c. Community Svc. Bd.*, supra, in which this Court stated that it conducts a de novo review, and noted that there was evidence in the record to support the contention that the plaintiff was a third party beneficiary of the contract at issue. Rather than decide that issue on the record on appeal, this Court remanded the case to the trial court to decide the issue because the trial court had not considered it.

[3] This opinion does not address the manner in which the appellate courts treat judgments when the trial courts act as triers of fact.

legal theory or reasoning. This would allow the trial court to issue rulings on grounds advanced, which could then serve as a basis for appellate review. Which course to pursue must be left to the appellate court's discretion.

In this case, in its motion for summary judgment, the City advanced twelve grounds.[4] The Dodds raised factual disputes about at least one of them. The trial court's order addressed only two of the grounds raised by the City. In the Court of Appeals, the Dodds enumerated as error only the grant of partial summary judgment, with their argument addressing each of the two grounds on which the trial court ruled. The Dodds made no argument concerning the grounds the City had advanced, but upon which the trial court did not rule. The City argued in its appellee's brief that the unaddressed grounds should nonetheless serve as a basis for affirmance under the "right for any reason" rule. The Dodds responded that such grounds were not ruled on and that only the trial court's ruling was before the Court of Appeals for review. Thus, this case illustrates one of the major dangers of blind, rote application of the "right-for-any reason" rule without the appellate court's discretion; automatic application of the rule would have resulted in a decision on the merits of the arguments advanced by the City, but without those arguments being properly briefed by all parties on appeal. Under these circumstances, the Court of Appeals did not abuse its discretion in applying the "erroneous legal theory" exception to the "right for any reason" rule and refusing to address those grounds raised in the City's motion upon which the trial court had not ruled.

*Judgment affirmed. All the Justices concur, except Sears, P. J., and Thompson, J., who concur specially, and Benham, Hunstein, and Carley, JJ., who dissent.*

SEARS, Presiding Justice, concurring specially.

I tend to agree with much of the reasoning of the majority opinion. However, I cannot agree with the majority's attempt to reconcile the right for any reason rule with the notion that an appellate court cannot affirm a trial court's ruling if it was based upon an erroneous legal theory. I believe that appellate courts generally have an obligation to affirm a grant of summary judgment under the right for any reason rule, even if the trial court relied upon an erroneous legal theory. I also believe that appellate courts may decline to review any issue that has not been ruled upon by the trial court if that issue has not been adequately briefed and/or argued by the parties on appeal.

---

[4] The City also moved for summary judgment on its counterclaims, which the trial court denied.

I am authorized to state that Justice Thompson joins in this special concurrence.

CARLEY, Justice, dissenting.

Retired police officer Jack Dodd and his wife sued the City of Gainesville for breach of contract and negligence. The City answered and subsequently moved for summary judgment on several grounds, two of which the trial court found to be meritorious. On appeal, however, the Court of Appeals found neither to be a valid basis for the grant of summary judgment, and reversed the trial court. *Dodd v. City of Gainesville*, 250 Ga. App. 722-724 (1), (2) (551 SE2d 62) (2001). As alternative support for the trial court's ruling, the City urged a number of the additional grounds that it had raised below, but the Court of Appeals declined to apply the "right for any reason" principle. *Dodd v. City of Gainesville*, supra at 724 (3). We granted certiorari to review that latter holding, and the majority now affirms by concluding that

> this case illustrates one of the major dangers of blind, rote application of the "right-for-any-reason" rule without the appellate court's discretion; automatic application of the rule would have resulted in a decision on the merits of the arguments advanced by the City, but without those arguments being properly briefed by all parties on appeal.

Majority opinion, p. 839. In my opinion, the Court of Appeals seriously misconstrued the "right for any reason" principle and its applicability in this case, and the majority compounds, rather than corrects, that error. Accordingly, I dissent.

"[A] judgment that is right for any reason should be affirmed . . . ." *Pryor Organization v. Stewart*, 274 Ga. 487, 489 (2) (554 SE2d 132) (2001). "A grant of summary judgment must be affirmed if right for any reason, whether stated or unstated. [Cit.] It is the grant itself that is to be reviewed for error, and not the analysis employed. [Cit.]" *Albany Oil Mill v. Sumter EMC*, 212 Ga. App. 242, 243 (3) (441 SE2d 524) (1994). "An appellate court in reviewing a lower court decision will look to the basic question, which is whether or not the judgment is valid as a matter of law; the reasons contained in the judgments are not controlling. [Cit.]" *Adams v. Emory University Clinic*, 179 Ga. App. 620, 621 (347 SE2d 670) (1986).

The Court of Appeals nevertheless concluded that this "right for any reason" principle does not apply here "[b]ecause the trial court based its ruling on an erroneous legal theory. . . ." *Dodd v. City of Gainesville*, supra at 724 (3). However, the controlling "legal theory" applicable in this case is that

> [t]he grant of summary judgment is authorized only when there is no remaining genuine issue of material fact and the movant is entitled to judgment as a matter of law. [Cit.] The movant does not show entitlement to judgment as a matter of law unless, construing the evidence most favorably for the non-moving party, a prima facie case is shown. [Cit.] (Emphasis omitted.)

*Dental One Assoc. v. JKR Realty Assoc.*, 269 Ga. 616, 617 (1) (501 SE2d 497) (1998). There is nothing to indicate that the trial court failed to adhere to this legal theory in ruling on the City's motion for summary judgment. Instead, the record shows that, in its application of that theory, the trial court reached an erroneous conclusion that summary judgment was proper for the two reasons that it cited. Obviously there is a significant distinction between a trial court's application of a completely erroneous legal theory in disposing of a case, and its mere misapplication of the proper legal theory to reach its result. As construed by the Court of Appeals, the "erroneous legal theory" exception would completely obviate the "right for any reason" rule, since *any* error in the reasoning advanced by a trial court would preclude further appellate consideration of the validity of the judgment on any other grounds. Obviously, the erroneous grant of summary judgment on one or more *grounds* does not authorize an appellate court to decline to consider whether the *ruling* was correct for another reason. The Court of Appeals' holding to the contrary is in direct conflict with controlling "right for any reason" authority. *Abellera v. Williamson*, 274 Ga. 324 (553 SE2d 806) (2001); *Porquez v. Washington*, 268 Ga. 649, 652 (3) (492 SE2d 665) (1997).

The Court of Appeals also based its ruling on the "general principle that the appellate courts do not consider issues not ruled on below." *Dodd v. City of Gainsville*, supra at 724 (3). However, the only *issue* raised below was the City's entitlement to summary judgment, and the trial court certainly considered that issue because it granted summary judgment. On motion for summary judgment, "[i]t is the responsibility of the trial court to review the evidence and determine whether a prima facie case has been proven by the movant." *Dental One Assoc. v. JKR Realty Assoc.*, supra at 618 (1). Likewise, on the appeal from the grant of a motion for summary judgment,

> it is appropriate for an appellate court to determine whether the trial court's *ruling* was right for any reason, including whether it was right for a *ground* asserted in the summary judgment motion that the trial court chose not to address in granting summary judgment. (Emphasis supplied.)

*Abellera v. Williamson*, supra at 327 (2). See also *Porquez v. Washington*, supra at 652 (3). Therefore, the Court of Appeals clearly erred when it refused to apply the "right for any reason" rule because of the trial court's failure to include in its order an express ruling on each and every ground of the City's motion.

Where, as here, an appellee urges alternative grounds in support of the trial court's grant of summary judgment, the appellate court must apply the "right for any reason" rule and address those grounds. *Abellera v. Williamson*, supra. "[A] judgment right for any reason *must* be affirmed." (Emphasis supplied.) *Simmons v. Boros*, 255 Ga. 524, 525 (341 SE2d 2) (1986). "A trial court's ruling granting summary judgment that is right for any reason *must* be affirmed. [Cit.]" (Emphasis supplied.) *Royal v. Ferrellgas*, 254 Ga. App. 696, 702 (1) (563 SE2d 451) (2002). See also *Kirkley v. Jones*, 250 Ga. App. 113, 114 (1) (550 SE2d 686) (2001); *Magueur v. Dept. of Transp.*, 248 Ga. App. 575, 577 (547 SE2d 304) (2001); *Busby v. Webb*, 247 Ga. App. 781, 782 (545 SE2d 132) (2001); *Costrini v. Hansen Architects*, 247 Ga. App. 136, 138 (1) (543 SE2d 760) (2000); *Conmac Corp. v. Southern Diversified Development*, 245 Ga. App. 895, 898 (1) (539 SE2d 532) (2000); *Davis v. Bushnell*, 245 Ga. App. 221, 223 (537 SE2d 477) (2000); *Bennett v. Cotton*, 244 Ga. App. 784, 787 (2) (536 SE2d 802) (2000); *Cox v. Edelson*, 243 Ga. App. 5, 7 (1) (530 SE2d 250) (2000); *Caswell v. Anderson*, 241 Ga. App. 703, 706 (527 SE2d 582) (2000); *In re Estate of Williams*, 241 Ga. App. 17 (1) (525 SE2d 742) (1999); *Grant v. Ga. Pacific Corp.*, 239 Ga. App. 748, 750 (1) (521 SE2d 868) (1999); *Garner v. Roberts*, 238 Ga. App. 738, 739 (520 SE2d 255) (1999).

Thus, the refusal to consider the City's alternative grounds was not a proper exercise of the Court of Appeals' discretion. Instead, as in *Abellera v. Williamson*, supra at 324, "the Court of Appeals erred in failing to apply the right-for-any-reason rule, and thus erred in failing to consider the [City's] contention that the trial court correctly granted . . . summary judgment in this . . . action" for those reasons that were raised below and then urged on appeal. See also *Porquez v. Washington*, supra at 652 (3).

> Here . . . the trial court granted summary judgment on the claim that is the subject of appellate review, but based the grant of summary judgment on only . . . two grounds asserted in support of the motion by the [City]. Under these circumstances, it is appropriate for an appellate court to determine whether the trial court's ruling was right for any reason, including whether it was right for a ground asserted in the summary judgment motion that the trial court chose not to address in granting summary judgment.

*Abellera v. Williamson*, supra at 327 (2). Therefore, the only proper disposition of this case is a reversal of the judgment of the Court of Appeals and a remand of the case to that Court with direction that it consider the merits of those grounds raised by the City in support of the grant of the motion for summary judgment.

Although today's decision results in an affirmance of the Court of Appeals, I would point out for the benefit of the bench and bar that a majority of this Court, comprised of the two Justices who specially concur and the three Justices who dissent, continue to adhere to the long-standing principle that the right for any reason rule does apply on appellate review of the grant of summary judgment even where, as here, the trial court based its ruling on an erroneous legal ground. "This Court will affirm the judgment of a lower court so long as it is right for any reason, *even if it is based upon erroneous legal reasoning.* [Cit.]" (Emphasis supplied.) *Shadix v. Carroll County*, 274 Ga. 560, 565 (3) (c) (554 SE2d 465) (2001). The only real distinction that I perceive between the special concurrence and this dissent concerns whether the appellate court *must* apply the principle in such a case or whether it can decline to do so. As to that procedural matter, the two Justices who specially concur join with the three-Justice majority in holding that the application by this Court or the Court of Appeals of the right for any reason rule is not mandatory in every case. Thus, the affirmance of this case should not be construed as an approval of the Court of Appeals' anomalous interpretation of the "erroneous legal theory" exception to application of the right for any reason rule.

Today, the Court not only reaches the wrong result, it also overrules, sub silentio, *Abellera, Dental One Assoc., Porquez*, and many other decisions of this Court and the Court of Appeals holding that a trial court's grant of summary judgment must be affirmed if it is correct for any reason. The ultimate effect of this decision is to weaken, if not destroy, the "right for any reason" rule.

I am authorized to state that Justice Benham and Justice Hunstein join in this dissent.

DECIDED NOVEMBER 26, 2002 —
RECONSIDERATION DENIED DECEMBER 13, 2002.

*Freeman, Mathis & Gary, Benton J. Mathis, Jr., Mary A. Ackourey*, for appellant.

*Jack E. Dodd, Richard C. Bellows*, for appellees.