A01A1366. WILLIAMSON et al. v. COASTAL PHYSICIAN SERVICES OF THE SOUTHEAST, INC. et al.
(554 SE2d 739)

JOHNSON, Presiding Judge.

Joe Williamson was treated by a doctor in a hospital emergency room and died approximately two weeks later. Williamson's wife sued, among others, Coastal Physician Services of the Southeast, Inc., which had supplied the emergency room doctor. This appeal arises from the trial court's grant of summary judgment to Coastal on the ground that it cannot be held vicariously liable for the actions of the independent contractor doctor. Because the trial court correctly found that there is no genuine issue of material fact that the doctor was an independent contractor, rather than an employee, we affirm the grant of summary judgment.

On June 14, 1996, Joe Williamson was experiencing shortness of breath, so he went to the emergency room of Columbia Fairview Park Hospital in Dublin. In the emergency room, he was treated by Dr. Sam Johnson, who diagnosed Williamson with cellulitis, hyperglycemia, and chronic obstructive pulmonary disease. Dr. Johnson discharged Williamson, but Williamson returned to the emergency room six hours later. Dr. Johnson saw Williamson and again discharged him.

On June 17 and 20, 1996, Williamson went to Dr. Andy Williamson's office, where he was treated and released. On July 1, 1996, Joe

---

[7] See id.

Williamson was admitted to the Carl Vinson VA Medical Center. The following day he died.

Charlotte Williamson, surviving spouse and administratrix of Williamson's estate, brought this medical malpractice lawsuit against the hospital, Dr. Johnson, Dr. Williamson, and Coastal Physician Services, which had hired Dr. Johnson to work in the emergency room pursuant to a staffing agreement with the hospital. The lawsuit claims that Coastal is vicariously liable for the actions of Dr. Johnson. Coastal moved for summary judgment, arguing that it cannot be held liable for the actions of Dr. Johnson because he is an independent contractor and not an employee. The trial court granted Coastal's motion.

Charlotte Williamson filed this appeal, arguing that the trial court erroneously granted summary judgment because there is a genuine issue of material fact as to whether Dr. Johnson was a Coastal employee, and that the court erred in denying her motions to strike an affidavit and various interrogatory responses. Coastal filed a cross-appeal. Williamson and Coastal later agreed that Williamson would withdraw her challenges to the denials of her motions to strike, and that Coastal would withdraw its cross-appeal. Pursuant to the parties' joint request, we have allowed these withdrawals, thereby leaving for our review only Charlotte Williamson's claim that the trial court erred in granting summary judgment to Coastal because there is a genuine issue of material fact as to whether Dr. Johnson was a Coastal employee rather than an independent contractor.

We determine whether a person is an employee or an independent contractor by examining whether the employer has assumed the right to control the time, manner, and method of executing the work.[1] The right to control the time means the employer has assumed the right to control the person's actual hours of work.[2] The right to control the manner and method means the employer has assumed the right to tell the person how to perform all details of the job, including the tools he should use and the procedures he should follow.[3]

In support of its motion for summary judgment, Coastal presented the affidavit of Dr. Johnson and a copy of its agreement with him. In the affidavit, Dr. Johnson stated that he would inform Coastal of the times he was available to work in the Fairview hospital emergency room, that Coastal had the right to schedule him to work only at those times, and that Coastal never attempted to schedule him for work at a time not designated by him. He further stated

---

[1] *Rains v. Dolphin Mtg. Corp.*, 241 Ga. App. 611, 613 (2) (525 SE2d 370) (1999).
[2] Id.
[3] Id.

that Coastal had no right, and never attempted, to control the manner or method by which he diagnosed or treated patients in the emergency room.

The contract between Dr. Johnson and Coastal, entitled Independent Contractor (Physician) Agreement, supports Dr. Johnson's affidavit. The contract specifically provides that each month Dr. Johnson shall notify Coastal of the days and hours that he is available to work in the emergency room, and that Coastal will schedule him to work based on his notification of availability. Moreover, the contract provides that Dr. Johnson shall act as an independent contractor practicing his profession of medicine, and that Coastal shall have no control over the manner or method by which he performs his professional medical practice.

Coastal also supported its summary judgment motion with a copy of an emergency room physician's independent contractor agreement that had been reviewed in the case of *Brown v. Coastal Emergency Svcs.*[4] That agreement is materially similar to the independent contractor agreement between Coastal and Dr. Johnson in that it provides that the physician shall designate the times he can work each month, and that the physician is an independent contractor practicing his profession of medicine without any control over the manner or method of his practice by the corporation. In *Brown*, this court held that the emergency room physicians hired pursuant to that contract were independent contractors because the corporation did not control the time, manner, or method of their work.[5]

In an attempt to refute Coastal's evidence establishing that it has no control over the time, manner, or method of Dr. Johnson's work, Williamson relies on the staffing contract between Coastal and the hospital whereby Coastal agreed to provide physicians for the hospital emergency room. But Williamson's reliance on that agreement is misplaced. First, the contract plainly provides that Coastal is supplying independent contractor physicians. Second, it states that the hospital shall not have any control over the physicians' performance of their medical duties which would jeopardize the physicians' status as independent contractors with Coastal. Finally, contrary to Williamson's claims, there is nothing in the agreement that gives Coastal the right to assume control over the time, manner, or method of the physicians' work.

For instance, Williamson argues that there is some evidence that Coastal controls Dr. Johnson's time because the staffing agreement requires Coastal to coordinate the schedule so that physicians are

---

[4] 181 Ga. App. 893 (354 SE2d 632) (1987).
[5] Id. at 896 (2).

always available to work in the emergency room. This argument is flawed in that it is illogical to leap from the mere fact that Coastal coordinates the emergency room schedule to the conclusion that it therefore controls Dr. Johnson's time. Coastal's scheduling responsibility does not contradict the affidavit of Dr. Johnson or the independent contractor agreement between him and Coastal, both of which unequivocally prove that he controls his time by telling Coastal when he can be scheduled for emergency room work.[6]

Similarly flawed is Williamson's argument that there is evidence that Coastal directs Dr. Johnson's work based on provisions in the staffing agreement that Coastal will assist the hospital in developing emergency room policies and procedures, and that physicians are required to comply with emergency room policies and procedures. It is not apparent from Williamson's brief if there are any specific policies or procedures that govern the method or manner by which emergency room physicians perform their professional medical duties. Just as its scheduling responsibility does not show that Coastal controls Dr. Johnson's time, Coastal's assistance in developing emergency room policies and procedures does not prove that it controls the manner or method of Dr. Johnson's emergency room work. More specifically, there certainly is no evidence in the instant case that Coastal controlled Dr. Johnson's emergency room diagnosis and treatment of Joe Williamson.

Because the evidence unquestionably shows that Coastal did not control the time, manner, or method of Dr. Johnson's work, the trial court correctly concluded that he is an independent contractor, and that Coastal cannot be held liable for his acts.[7] We therefore affirm the trial court's grant of summary judgment to Coastal.

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED SEPTEMBER 13, 2001 —
RECONSIDERATION DENIED OCTOBER 2, 2001 —

*Watkins, Lourie & Roll, Joseph W. Watkins, Lance D. Lourie, Stephen R. Chance, Richard W. Summers*, for appellants.

*Weinberg, Wheeler, Hudgins, Gunn & Dial, John K. Train IV, Alston & Bird, Robert D. McCallum, Jr., Elizabeth Bertschi, Love & Willingham, Michael J. Hannan III*, for appellees.

---

[6] Id.

[7] See *Epps v. Gwinnett County*, 231 Ga. App. 664, 668 (4) (499 SE2d 657) (1998) (no vicarious liability for health care provider which did not control the time, manner, or method of independent contractor doctor's practice of medicine).